Deborah A. Ferguson, ISB No. 5333
The Law Office of Deborah A. Ferguson, PLLC
202 N. 9th Street, Suite 401 C
Boise, Idaho 83702
Tel.: (208) 484-2253
d@fergusonlawmediation.com

Craig Harrison Durham, ISB No. 6428
Durham Law Office, PLLC
405 S. 8th Street, Ste. 372
Boise, ID 83702
Tel.: (208) 345-5183
craig@chdlawoffice.com

Shannon P. Minter
Christopher F. Stoll
National Center for Lesbian Rights
870 Market Street, Suite 370
San Francisco, California 94102
Tel.: (415) 392-6257
sminter@nclrights.org

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN LATTA and TRACI EHLERS, LORI WATSEN and SHARENE WATSEN, SHELIA ROBERTSON and ANDREA ALTMAYER,  AMBER BEIERLE and RACHAEL ROBERTSON,<br><br>           Plaintiffs,<br><br>  v.<br><br>C.L. "BUTCH" OTTER, as Governor of the State of Idaho, in his official capacity, and CHRISTOPHER RICH, as Recorder of Ada County, Idaho, in his official capacity,<br><br>           Defendants. | Case No.<br><br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## I.     INTRODUCTION

1.      Plaintiffs bring this action to challenge the constitutionality of Idaho's laws that exclude same-sex couples from marriage and fail to recognize the marriages of same-sex couples lawfully entered into in other jurisdictions. *See* Idaho Const. art. III, § 28; I.C. §§ 32-201, 32-209. Idaho's refusal to marry same-sex couples and recognize valid out-of-state marriages of same-sex couples violates multiple guarantees of the Constitution of the United States. This Court should so declare and issue an injunction requiring defendants to issue marriage licenses to the unmarried plaintiffs and to recognize the existing marriages of the plaintiffs lawfully married in other states.

2.      Plaintiffs Susan Latta and Traci Ehlers, and plaintiffs Lori and Sharene Watsen (the "Married Plaintiffs") are legally married same-sex couples, having wed in other states. However, in their home state of Idaho, they are treated as legal strangers to their spouses.

3.      Plaintiffs Shelia Robertson and Andrea Altmayer, and plaintiffs Amber Beierle and Rachael Roberstson (the "Unmarried Plaintiffs"), are unmarried same-sex couples in committed relationships who desire to marry. Each couple wishes to publicly declare their love and commitment before their family, friends, and community; to join their lives together and enter into a legally binding commitment to one another; and to share in the protections and security that marriage provides.

4.      Plaintiffs are productive members of society, with diverse backgrounds, educations and professions. They are university instructors, a teacher of deaf children, a professional artist, a physician's assistant, a small business owner, a historian, a clinical social worker, a warehouse manager and a certified massage therapist. One of the plaintiffs served full time in the Idaho National Guard for five years, during which time she served overseas in Operation Iraqi Freedom III and came under enemy attack. Three of the couples are raising children together, and one couple

also enjoys caring for their grandchildren. The situations faced by these couples are similar to those faced by many other same-sex couples in Idaho who are denied the basic rights, privileges, and protections of marriage for themselves and their children.

5.     Like many other couples with a life-long commitment, the Unmarried Plaintiffs are spouses in every sense, except that Idaho law will not allow them to marry. In fact, under Idaho law, solemnization of their commitment without a marriage license is a crime. I.C. § 32-406.

6.     The Married Plaintiffs are lawfully married under the laws of sister states, but Idaho refuses to honor or recognize their marriages. Unilaterally and by operation of law alone, Idaho has effectively nullified their legal status and their rights and responsibilities as married people.

7.     Under the Idaho Constitution, "a marriage between a man and a woman is the only domestic legal union that shall be valid or recognized in this state."  Idaho Const. art. III, § 28. This provision bars same-sex couples from marrying and also precludes recognition of same-sex couples' existing marriages or any other form of a domestic relationship outside of marriage.

8.     Idaho's exclusion of same-sex couples from marriage and refusal to respect the marriages of legally married same-sex couples adversely impact the plaintiffs and other Idaho same-sex couples in real and significant ways.

9.      Idaho's exclusion of same-sex couples from marriage and refusal to respect existing marriages undermines the plaintiff couples' ability to achieve their life goals and dreams, disadvantages them financially, and denies them "dignity and status of immense import." *United States v. Windsor*, 133 S. Ct. 2675, 2692 (2013). Further, they and their children are stigmatized and relegated to a second-class status by being barred from marriage. Idaho's exclusion of same-sex couples from marriage and refusal to recognize the marriages of legally married same-sex couples "tell[] those couples and all the world that their [relationships] are unworthy" of

3

recognition. *Id*. at 2694. By singling out same-sex couples and their families and excluding them from any type of marital protection, those laws also "humiliate[] the . . . children now being raised by same-sex couples" and "make[] it even more difficult for the children to understand the integrity and closeness of their own family and its concord with other families in their community and in their daily lives." *Id*.

10.     In the not so distant past, the majority of states, including Idaho, had laws prohibiting marriage between people of different races. Until 1959, Idaho law barred as illegal marriages between Caucasians and other races— namely, African Americans, Native Americans, and Asians. *See* former I.C. § 32-206 (repealed 1959). The Supreme Court held such exclusions from marriage to be unconstitutional in *Loving v. Virginia*, 388 U.S. 1, 12 (1967), declaring: "The freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men."

11.     Our courts and society have discarded, one by one, marriage laws that violated the mandate of equality guaranteed by the Constitution, such as the anti-miscegenation laws and laws that have denied married women legal independence. History has taught that the legitimacy and vitality of marriage do not depend on upholding discriminatory marriage laws. On the contrary, eliminating these remaining unconstitutional barriers to marriage further enhances the institution and society. In fourteen states and the District of Columbia, same-sex couples are marrying, and the institution of marriage continues to thrive.[1]

12.     Marriage contributes to the happiness, security, and peace of mind of countless couples and their families, and to the stability and wellbeing of society. Idaho, like other states,

---

[1] The number of states that allow same-sex couples to marry continues to grow rapidly. The Hawaii legislature has a bill pending, and the New Mexico Supreme Court has the matter under review. In Illinois, the legislature has passed a bill which the governor has indicated he will sign.

encourages and regulates marriage through hundreds of laws that provide benefits to and impose obligations on married couples. In exchange, Idaho receives the well-established benefits that marriage brings: stable, supportive families that contribute to both the social and economic well-being of Idaho. "Marriage has long been favorably recognized in our society as one of the fundamental institutions upon which our society is founded. Accordingly, the laws reflect a certain favorability toward creating and maintaining stable and harmonious marriages." *State v. Soura*, 796 P.2d 109, 114 (Idaho 1990). When Idaho withholds a marriage license from a same-sex couple, or refuses to recognize a same-sex couple's valid marriage from another jurisdiction, Idaho circumscribes an individual's basic life choices, classifies persons in a manner that denies them the public recognition and myriad benefits of marriage, prevents couples from making a legally binding commitment to one another and being treated by the government and by others as a family rather than as unrelated individuals, and harms society by burdening and disrupting committed families and preventing same-sex couples from being able to fully protect and assume responsibility for one another and their children.

13.     Idaho's exclusion of same-sex couples from marriage, and its refusal to respect the marriages of same-sex couples validly entered into in other states, violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. With respect to the Unmarried Plaintiffs, Idaho's exclusion deprives them of their fundamental right to marry and infringes their constitutionally protected interests in liberty, dignity, privacy, autonomy, family integrity, and intimate association. With respect to the Married Plaintiffs, Idaho's refusal to respect their marriages deprives them of their constitutionally protected liberty interest in their marital status, burdens their exercise of fundamental rights including the right to marry, and discriminates against the class of legally married persons. Idaho's treatment of all the plaintiffs is

subject to heightened scrutiny because it burdens fundamental constitutional rights and because it discriminates based on sex and sexual orientation. The challenged Idaho statutes and constitutional provision cannot survive any level of constitutional scrutiny, however, because they do not rationally further any legitimate government interest, but serve only to injure and humiliate same-sex couples and their families.

14.    Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief against the defendants. Specifically, plaintiffs seek: (a) a declaration that Idaho's prohibition of marriage for same-sex couples and its refusal to recognize the marriages of same-sex couples validly entered into outside Idaho violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and (b) a permanent injunction (i) preventing defendants from denying the Unmarried Plaintiffs the right to marry, and (ii) directing defendants to recognize the marriages of the Married Plaintiffs that were validly entered into in states outside Idaho.

## II.    PARTIES

### A.    The Plaintiffs

15.    Plaintiffs Susan Latta and Traci Ehlers were married in California on August 4, 2008 and reside in Boise, Idaho, where they own their home together. Susan Latta is a professional artist and adjunct professor at Boise State University, and Traci Ehlers is an owner of a well-established local small business. Together they have raised children, A. and J., into adults, and are grandparents of two children, M. and L. They wish to have their marriage recognized in the State of Idaho, and they and their children and grandchildren have been harmed by Idaho's refusal to recognize their lawful marriage.

16.     Plaintiffs Lori and Sharene Watsen were married in New York on October 28, 2011 and reside in Boise, Idaho. Lori Watsen is a Licensed Clinical Social Worker and Associate Field Director for Boise State University's School of Social Work. Sharene Watsen is a Physician Assistant with a local medical specialty group. Both have been awarded their Master's degrees in their respective professional studies. Sharene Watsen gave birth to their son in May 2013, after conceiving through assisted reproduction. They are raising their child, C., together as his parents. Lori Watsen's petition to adopt C. was denied and dismissed on September 18, 2013 by the Ada County Magistrate Court, in the Fourth Judicial District of Idaho. The court did not recognize their lawful marriage as valid under Idaho law and held that the Idaho legislature did not intend to allow adoptions by "cohabitating, committed partners." They wish to have their marriage recognized in the State of Idaho, and they and their son have been harmed by Idaho's refusal to recognize their lawful marriage.

17.     Plaintiffs Shelia Robertson and Andrea Altmayer have been in a committed relationship for sixteen years and reside in Boise, Idaho. Shelia Robertson is a teacher of deaf children and a nationally certified sign language interpreter with a Master's degree in Education. Andrea Altmayer is a certified massage therapist with a Bachelor's degree in Health Sciences. Andrea Altmayer gave birth to their son in November 2009, after conceiving through assisted reproduction. They are raising their child, B., together as his parents. On November 6, 2013, Andrea Altmayer and Shelia Robertson appeared in person at the Ada County Recorder's Office in Boise, Idaho to apply for a marriage license. They meet all of Idaho's qualifications for the issuance of a marriage license, except that they are of the same sex. Defendant Rich, through his authorized deputy, refused their marriage license application because they are a same-sex couple. They wish to

marry in the State of Idaho, and they and their child have been harmed by Idaho's refusal to allow them to do so.

18.     Plaintiffs Amber Beierle and Rachael Robertson have been in a committed relationship for three years and reside in Boise, Idaho, where they own their home together. Amber Beierle is an education specialist and manager of a state historic site, with a Master's degree in Public History. Rachael Robertson manages a commercial supply warehouse. She is also a veteran of the Idaho Army National Guard, with five years of service. During that time, she served a tour of duty in Iraq. Rachael Robertson was awarded a combat medal and combat action badge, as well as a good solider conduct medal in connection with her honorable service to her country and the Idaho Army National Guard. On November 6, 2013, Amber Beierle and Rachael Robertson appeared in person at the Ada County Recorder's Office in Boise, Idaho to apply for a marriage license. They meet all of Idaho's requirements for the issuance of a marriage license, except that they are of the same sex. Defendant Rich, through his authorized deputy, refused their marriage license application because they are a same-sex couple. They wish to marry in the State of Idaho and have been harmed by Idaho's refusal to allow them to do so.

**B.     The Defendants**

19.     Defendant C.L. "Butch" Otter is Governor of the State of Idaho. Article VI, section 5 of the Idaho Constitution states: "The supreme executive power of the state is vested in the governor, who shall see that the laws are faithfully executed." He is responsible for upholding and ensuring compliance with the state constitution and statutes prescribed by the legislature, including Idaho's laws barring same-sex couples from marriage and refusing to recognize the valid out-of-state marriages of same-sex couples. Governor Otter also bears the authority and responsibility for the formulation and implementation of policies of the executive branch. Governor Otter is a person

within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times

relevant to this complaint. Governor Otter's official residence is in Ada County, Idaho, within the

District of Idaho. He is sued in his official capacity.

20.     Defendant Christopher Rich is the Recorder of Ada County, Idaho. Article X,

section 16 of the Idaho Constitution established the position of clerk of the district court. Article

XVIII, section 6 of the Idaho Constitution provides that the clerk of the district court shall also be

ex-officio auditor and recorder. *See also* I.C. § 31-2001. Under Idaho law, as the Ada County

Recorder, Defendant Rich has "the authority to issue marriage licenses to any party applying for

the same who may be entitled under the laws of this state to contract matrimony." I.C. § 32-401,

I.C. §32-403. Christopher Rich is a person within the meaning of 42 U.S.C. § 1983 and was acting

under color of state law at all times relevant to this complaint. Christopher Rich's official residence

is in Ada County, Idaho, within the District of Idaho. He is sued in his official capacity.

21.     Defendants, through their respective duties and obligations, are responsible for

enforcing Idaho's laws barring same-sex couples from marriage and refusing to recognize the valid

out-of-state marriages of same-sex couples. Each defendant, and those subject to their supervision

and control, have caused the harms alleged, and will continue to injure plaintiffs if not enjoined.

Accordingly, the relief requested is sought against both defendants, as well as all persons under

their supervision and control, including their officers, employees and agents.

## III.     JURISDICTION AND VENUE

22.     Plaintiffs bring this action under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and

2202 to redress the deprivation under color of state law of rights secured by the United States

Constitution.

23.     This Court has jurisdiction of the subject matter of this action pursuant to 28

U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and

laws of the United States. This Court has personal jurisdiction over plaintiffs and defendants.

24.     Venue is proper in this Court under 28 U.S.C. § 1391 (b)(1) and (2) because the

defendants reside and/or work in this District and both defendants reside in this State, and because a

substantial part of the acts and events giving rise to this Complaint occurred in this District.

25.     This Court has authority to enter a declaratory judgment and to provide

preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil

Procedure and 28 U.S.C. §§ 2201 and 2202.

## IV.     STATEMENT OF FACTS

### Idaho's Laws Barring Same-Sex Couples from Marriage and Refusing to Recognize the Valid Out-of-State Marriages of Same-Sex Couples

26.     Historically, Idaho has not questioned the legitimacy of marriages from other states

that are valid under the other state's laws. From territorial days until 1996, Idaho recognized all

"foreign" marriages if they were lawful under the laws of the other jurisdiction. 1867, p. 71, § 5;

R.S. § 2428; I.C. § 32-209.

27.     In 1996, however, in response to the mere possibility that some states might permit

same-sex couples to marry although none had yet done so, the Idaho legislature amended Idaho

Code section 32-209 to create an exception to the longstanding rule that Idaho generally respects

marriages that are validly entered into in other states only for the legal marriages of same-sex

couples. That statute now provides:

> All marriages contracted without this state, which would be valid by the laws of the state or country in which the same were contracted, are valid in this state, unless they violate the public policy of this state. Marriages that violate the public policy of this state include, but are not limited to, same-sex marriages, and marriages entered into under the laws of another state or country with the intent to evade the prohibitions of the marriage laws of this state.

28.     Likewise, I.C. § 32-201 provides:

> Marriage is a personal relation arising out of a civil contract between a man and a woman, to which the consent of parties capable of making it is necessary. Consent alone will not constitute marriage; it must be followed by the issuance of a license and a solemnization as authorized and provided by law. Marriage created by a mutual assumption of marital rights, duties or obligations shall not be recognized as a lawful marriage.

29.     In 2006, although Idaho's statutes already barred marriage by same-sex couples and denied recognition to the marriages of same-sex couples who legally married out of state, Idaho amended its Constitution to do so as well.  Article III, section 28 provides:

> A marriage between a man and a woman is the only domestic legal union that shall be valid or recognized in this state.

**Harms Caused by Idaho's Laws Barring Same-Sex Couples from Marriage and Refusing to Recognize Same-Sex Couples' Valid Out-of-State Marriages**

30.     Plaintiffs are residents of Idaho who experience the same joys and challenges of family life as their neighbors, co-workers, and other community members who may marry freely and whose legal marriages are respected under Idaho law. Plaintiffs are productive, contributing citizens who support their families and nurture their children, but must do so without the same legal shelter, dignity, and respect afforded by Idaho to other families through access to the universally celebrated status of marriage. Idaho's exclusion of plaintiffs from marriage, and defendants' enforcement of that exclusion, as well as Idaho's refusal to respect the marriages of legally married same-sex couples from other states, subject plaintiffs to an inferior "second class" status as Idahoans relative to the rest of the community. These laws deprive them and their children of equal dignity, security, and legal protections afforded to other Idaho families.

31.     Plaintiffs Susan Latta and Traci Ehlers were married in California on August 4, 2008 and would be recognized as such under Idaho law but for the fact that they are a same-sex couple. Instead, they are treated as legal strangers to one another under Idaho law.

32.     Plaintiffs Lori and Sharene Watsen were married in New York on October 28, 2011 and would be recognized as such under Idaho law but for the fact that they are a same-sex couple. Instead, they are treated as legal strangers to one another under Idaho law.

33.     Plaintiff couples Shelia Robertson and Andrea Altmayer and Amber Beierle and Rachael Robertson applied for marriage licenses in Ada County, Idaho on November 6, 2013. Defendant Rich, through his authorized agent, refused their marriage license applications because they are same-sex couples.

34.     In addition to stigmatizing a portion of Idaho's population as second-class citizens, Idaho's prohibition on marriage by same-sex couples, and its refusal to recognize valid marriages from other jurisdictions, deprive same-sex couples of critically important rights and responsibilities that married couples rely upon to secure their marriage commitment and safeguard their families. By way of example, and without limitation, same-sex partners are denied:

a.  The right to have a minister or other state-authorized official solemnize their commitment to be married. I.C. § 32-406 (attaching criminal penalties to knowingly solemnizing a marriage of a couple who do not have a marriage license or who are not legally competent to be married in Idaho).

b.  The right to acquire an interest in community property as a spouse. I.C. § 32-906.

c.  The right to be supported financially during marriage, enforced by criminal penalties for non-support. I.C. § 18-401(3).

d.  The right to be a presumed parent to a child born to a spouse during marriage, or within 300 days of the end of a marriage. I.C. § 16-2002(12) (a man married to a woman when a child is born is the presumed father).

e.  The right to be recognized as a spouse when petitioning to adopt a child born to a spouse. I.C. §§ 16-1503, 16-1506, 32-201, 32-202, 32-209.

f.  The right to have access to an ill spouse at the hospital and to make medical decisions for an ill or incapacitated spouse without requiring a written power of attorney. I.C. § 39-4504.

g.  The right to have priority to be appointed as a conservator in the event that a spouse becomes incapacitated.  I.C. § 15-5-410(1)(c).

h.  The right to file a joint state income tax return as a married couple. I.C. § 60-3031. The Idaho Tax Commission recently interpreted Idaho law as requiring same sex couples who are lawfully married in another jurisdiction to file individual tax returns in Idaho after re-calculating their joint federal return as if they were not married.  Idaho Temporary Tax Commission Rule 805T (Draft 9/10/13); see also http://tax.idaho.gov/n-feed.cfm?idd=424

i.  The right to spousal insurance coverage and benefits, when spousal benefits are otherwise available.

j.  A host of federal rights and responsibilities that pertain to married couples, including but not limited to those related to Social Security, Medicare, Medicaid, the Family Medical Leave Act, and the Veteran's Administration.

k.  The right to a court-ordered equitable distribution of property upon the dissolution of the marriage. I.C. § 32-712.

l.  The right to recognition as a legal parent, which allows access to court-ordered custody, child support, and visitation upon the dissolution of the marriage. I.C. § 32-717.

m.  The right to have certain marital assets and property exempt from consideration when determining eligibility for long-term care benefits for a spouse under the Medicaid program. I.C. § 56-209e.

n.  The right to receive certain worker's compensation benefits for a deceased spouse who has died on the job. I.C. § 72-1019(3)(b).

o.  The right to inherit a share of the estate of a spouse who dies without a will. I.C. § 15-2-102.

p.  The right to receive an elective share of the estate of a spouse who died with a will. I.C. § 15-2-301.

q.  The right to a homestead allowance from a deceased spouse's estate. I.C. § 15-2-402.

r.  The privilege not to have a spouse testify in a court proceeding about confidential communications made during the marriage. Idaho Rule of Evidence 504; I.C. § 9-203.

## V.    CLAIMS FOR RELIEF

**First Claim For Relief: Idaho's Ban on Marriage by Same-Sex Couples Deprives the Unmarried Plaintiffs of Their Rights to Due Process of Law under the Fourteenth Amendment to the United States Constitution**

35.    Plaintiffs incorporate by reference and re-allege all of the preceding paragraphs of this complaint as though fully set forth herein.

36.    Plaintiffs state this cause of action against defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

37.    The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

38.    The Idaho Constitution, article III, section 28, Idaho Code section 32-201, and all other sources of state law that preclude marriage for same-sex couples violate the due process guarantee of the Fourteenth Amendment both facially and as applied to plaintiffs.

39.     The right to marry the unique person of one's choice and to direct the course of one's life without undue government restriction is one of the fundamental rights protected by the Due Process Clause of the Fourteenth Amendment. Defendants' actions to enforce the marriage ban directly and impermissibly infringe upon plaintiffs' choice of whom to marry, interfering with a core, life-altering, and intimate personal choice.

40.     The Due Process Clause also protects choices central to personal dignity, privacy, and autonomy, including each individual's fundamental liberty interests in family integrity and intimate association. Defendants' actions to enforce the marriage ban directly and impermissibly infringe upon plaintiffs' deeply intimate, personal, and private decisions regarding family life, and preclude them from obtaining full liberty, dignity, privacy, and security for themselves, their family, and their parent-child bonds.

41.     As Idaho's Governor and chief executive officer, defendant Otter's duties and actions to enforce Idaho's exclusion of same-sex couples from marriage, including those actions taken pursuant to his responsibility for the policies and actions of the executive branch relating to, for example and without limitation, health insurance coverage, vital records, tax obligations, and state employee benefits programs, violate plaintiffs' fundamental right to marry and fundamental interests in liberty, dignity, privacy, autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

42.     As the Ada County Registrar, defendant Rich ensures compliance with Idaho's exclusion of same-sex couples from marriage by, for example, refusing to issue marriage licenses to same-sex couples. This violates the plaintiffs' fundamental right to marry and fundamental interests in liberty, dignity, privacy autonomy, family integrity, and intimate association under the Fourteenth Amendment to the United States Constitution.

43. Defendants cannot satisfy the requirements of the Due Process Clause because Idaho's exclusion of same-sex couples from marriage is not rationally related to any legitimate governmental interest and thus cannot survive even rational basis review, much less the heightened level of scrutiny that applies to deprivation of the fundamental right to marry and interference with fundamental interests in liberty, dignity, privacy, autonomy, family integrity, and intimate association.

**Second Claim for Relief: Idaho's Failure to Recognize the Marriages of the Plaintiffs Who Are Lawfully Married in Other States Violates Their Rights to Due Process of Law under the Fourteenth Amendment to the United States Constitution**

44. Plaintiffs incorporate by reference and re-allege all of the preceding paragraphs of this complaint as though fully set forth herein.

45. Plaintiffs Susan Latta and Traci Ehlers are lawfully married under laws of the state of California.

46. Plaintiffs Lori and Sharene Watsen are lawfully married under the laws of the state of New York.

47. When a marriage is authorized by a state, numerous rights, responsibilities, benefits, privileges, and protections attach to that status under state and federal law.

48. Once a couple enters into a valid marriage in a state, the couple has a liberty interest in their marital status that is protected by the Due Process Clauses of the Fifth and Fourteenth Amendment, regardless of where the married couple chooses to live within the United States.

49. The Married Plaintiffs in this case have a protected liberty interest in their lawful marital status and in the comprehensive protections and obligations that marriage provides.

50. The Married Plaintiffs in this case also have a protected property interest in their lawful marital status and in the comprehensive protections and obligations that marriage provides.

16

51.     By operation of Idaho Code section 32-209, and article III, section 28 of the Idaho Constitution, the lawful marriages of plaintiffs Susan Latta and Traci Ehlers and plaintiffs Lori and Sharene Watsen are treated as non-existent and without any legal effect or status in Idaho.  Idaho law effectively strips these plaintiffs of a valuable and fundamental legal status that has been conferred on them by a sister state and deems them legal strangers to each other.

52.     Accordingly, Idaho's refusal to recognize the valid out-of-state marriages of these plaintiffs impermissibly deprives them of their fundamental liberty and property interests in their marriages and the comprehensive protections afforded by marriage in violation of the Fourteenth Amendment's Due Process Clause.

53.     Moreover, Idaho's refusal to recognize the valid out-of-state marriages of the Unmarried Plaintiffs also impermissibly burdens and interferes with their exercise of the fundamental right to marry in violation of the Fourteenth Amendment's Due Process Clause.

54.     Defendants' deprivation of these plaintiffs' constitutional rights under color of state law violates 42 U.S.C. § 1983.

55.     Plaintiffs have no adequate remedy at law to redress the wrongs alleged herein, which are of a continuing nature and will cause them irreparable harm.

56.     The Married Plaintiffs are entitled to declaratory and injunctive relief on this basis.

**Third Claim For Relief: Idaho's Ban on Marriage by Same-Sex Couples Deprives the Unmarried Plaintiffs of Their Rights to Equal Protection of the Laws under the Fourteenth Amendment to the United States Constitution**

57.     Plaintiffs incorporate by reference and re-allege all of the preceding paragraphs of this complaint as though fully set forth herein.

58.     Plaintiffs state this cause of action against defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

59.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

60.     Idaho Constitution, article III, section 28 and Idaho Code sections 32-201 and 32-209 and all other sources of state law that preclude marriage by same-sex couples violate the equal protection guarantee of the Fourteenth Amendment both facially and as applied to plaintiffs. The conduct of defendants in enforcing these laws violates the right of plaintiffs to equal protection by discriminating impermissibly on the basis of sexual orientation and sex.

61.     As Idaho's Governor, defendant Otter is charged as its chief executive officer with duties and actions to enforce Idaho's exclusion of same-sex couples from marriage, including without limitation those actions taken pursuant to his responsibility for the policies and actions of the executive branch relating to, for example, health insurance coverage, vital records, tax obligations, and state employee benefits programs. Such enforcement of Idaho's exclusion of same-sex couples from marriage violates plaintiffs' constitutional rights to equal treatment, without regard to sexual orientation or sex, under the Fourteenth Amendment to the United States Constitution.

62.     As the Ada County Registrar, defendant Rich ensures compliance with Idaho's laws barring same-sex couples from marriage by, for example, denying same-sex couples marriage licenses. This violates the constitutional rights to equal treatment of plaintiffs Andrea Altmayer and Shelia Robertson and plaintiffs Amber Beierle and Rachael Robertson.

63.     Idaho's exclusion of same-sex couples from marriage, and defendants' actions to enforce that exclusion, deny same-sex couples equal dignity and respect, and deprive their families of a critical safety net of rights and responsibilities. These laws brand same-sex couples and their

18

children as second-class citizens through government-imposed stigma and foster private bias and discrimination, by instructing all persons with whom same-sex couples interact, including their own children, that their relationships and families are less worthy than others. Idaho's exclusion of same-sex couples from marriage and defendants' actions reflect moral disapproval and animus toward same-sex couples.

64.     Same-sex couples such as the plaintiff couples are similar to opposite-sex couples in all of the characteristics relevant to marriage. Committed same-sex couples make the same commitment to one another as other couples. They build their lives together, plan their futures together, and hope to grow old together, caring for one another physically, emotionally and financially.

65.     The Unmarried Plaintiffs seek to marry for the same types of reasons, and to provide the same legal shelter to their families, as different-sex spouses.

66.     Like many other couples, same-sex couples are often parents raising children together. Three of the four named plaintiff couples are raising children together.

67.     Plaintiffs and their children are equally worthy of the tangible rights and responsibilities, as well as the respect, dignity, and legitimacy that access to marriage confers on different-sex couples and their children. For the many children being raised by same-sex couples, the tangible resources and societal esteem that marriage confers on families is no less precious than for children of different-sex couples.

**A.     Discrimination Based on Sexual Orientation**

68.     Idaho's laws barring same-sex couples from marriage target same-sex Idaho couples as a class by excluding them from marriage or any other form of relationship recognition on the basis of sexual orientation.

69.     Laws that discriminate based on sexual orientation should be subjected to heightened equal protection scrutiny for numerous reasons.

70.     Lesbians and gay men have suffered a long and painful history of discrimination in Idaho and across the United States.  Sexual orientation bears no relation to an individual's ability to perform in or contribute to society. Sexual orientation is a core, defining trait that is so fundamental to one's identity and autonomy that a person may not legitimately be required to abandon or change it (even if that were possible) as a condition of equal treatment under the law.

71.     Lesbian, gay, and bisexual persons are a discrete and insular minority, and strong ongoing prejudice against them continues to seriously curtail the political processes that might ordinarily be relied upon to protect them. In Idaho, lesbian, gay, and bisexual persons lack any statutory protection against discrimination and can be openly and legally discriminated against in all arenas, including employment, public accommodations, and housing. Idaho's constitutional amendment excluding same-sex couples from marriage and banning any form of relationship recognition other than marriage is discrimination based upon sexual orientation and is unlawful under the Fourteenth Amendment to the United States Constitution as it denies same-sex couples equal protection under the laws of Idaho.

72.     The exclusion of same-sex couples from marriage based on sexual orientation cannot survive heightened scrutiny under the Equal Protection Clause because the State of Idaho cannot offer an exceedingly persuasive showing that the exclusion is substantially related to the achievement of any important governmental objective.  Moreover, because the exclusion of same-sex couples from marriage does not serve any legitimate government interest, the exclusion violates the Equal Protection Clause even under rational basis review.

**B.      Discrimination Based on Sex**

73.      Idaho's exclusion of same-sex couples from marriage discriminates against plaintiffs on the basis of sex, barring plaintiffs from marriage solely because each of the plaintiffs wishes to marry a life partner of the same sex. The sex-based restriction is plain on the face of the Idaho's laws, which restrict marriage to "a man and a woman." Idaho Const. art. III, § 28.

74.      Because of these sex-based classifications, Andrea Altmayer is precluded from marrying her devoted life partner because she is a woman and not a man; were Andrea Altmayer a man, she could marry Shelia Robertson. Likewise, Amber Beierle is unable to marry Rachael Robertson because Amber is a woman rather than a man.

75.      Idaho's exclusion of same-sex couples from marriage also serves the impermissible purpose of enforcing and perpetuating sex stereotypes by excluding plaintiffs from marriage, because plaintiffs have failed to conform to sex-based stereotypes that women should be attracted to, form intimate relationships with, and marry men, not other women, and that men should be attracted to, form intimate relationships with, and marry women, not other men.

76.      Given that there are no longer legal distinctions between the duties of husbands and wives under Idaho law, there is no basis for the sex-based eligibility requirements for marriage.

77.      The exclusion of plaintiffs from marriage based on their sex and the enforcement of gender-based stereotypes cannot survive the heightened scrutiny required for sex-based discrimination, nor is it rationally related to any legitimate governmental purpose.

**C.      Discrimination With Respect to Fundamental Rights and Liberty Interests Secured by the Due Process Clause**

78.      Idaho's exclusion of same-sex couples from marriage discriminates against plaintiffs with respect to the exercise of the fundamental right to marry the person of one's choice, and with respect to their liberty interests in personal autonomy, and family integrity, association

21

and dignity. Such discrimination is subject to heightened scrutiny. Idaho's exclusion of same-sex couples cannot survive such scrutiny, and indeed cannot survive even rational basis review.

### Fourth Claim for Relief:  Idaho's Failure to Recognize the Marriages of the Plaintiffs Who Are Lawfully Married in Other States Violates Their Rights to Equal Protection of the Laws under the Fourteenth Amendment to the United States Constitution

79.     Plaintiffs incorporate by reference and re-allege all of the preceding paragraphs of this complaint as though fully set forth herein.

80.     Idaho has a long history of respecting marriages that were validly entered into in other states, and affording those marriages all of the rights and privileges of an Idaho marriage. But in 1996, and again in 2006, it singled out the legal marriages of same-sex couples in order to exclude them from recognition and to deny the spouses in such marriages any of the rights, protections, and responsibilities of marriage.

81.     Idaho's refusal to recognize the lawful marriages of the Married Plaintiffs discriminates against the class of legally married persons and also discriminates against the Married Plaintiffs based on sexual orientation, sex, and with respect to the exercise of the fundamental right to marry the person of one's choice and fundamental liberty interests in personal autonomy, dignity, privacy, family integrity, and intimate association.

82.     Idaho's laws singling out legally married same-sex couples in order to exclude their marriages from recognition cannot survive heightened scrutiny under the Equal Protection Clause because the State of Idaho cannot offer an exceedingly persuasive showing that those laws are substantially related to the achievement of any important government objective. Moreover, because excluding legally married same-sex couples from recognition does not serve any legitimate government interest, those laws violate the Equal Protection Clause even under rational basis review.

83.     While the states have traditionally had the authority to regulate marriage, that authority "must respect the constitutional rights of persons," *see Windsor*, 133 S. Ct. at 2691, and it is "subject to constitutional guarantees," *see id.*

84.     The principal purpose and effect of Idaho's non-recognition laws "is to identify a subset of state-sanctioned marriages and make them unequal." *Windsor*, 133 S. Ct. at 2694.  These laws "impose a disadvantage, a separate status, and so a stigma upon all who enter into same-sex marriages made lawful by the unquestioned authority of [other] States."  *Id.* at 2693.

85.     Idaho's laws excluding legally married same-sex couples from recognition are subject to heightened scrutiny. But even under rational basis review, a purpose to harm a minority class of persons cannot justify disparate treatment of that group, as this is not a legitimate governmental interest. *Romer v. Evans*, 517 U.S. 620, 635 (1996); *Windsor*, 133 S. Ct. at 2693.

86.     Accordingly, the enforcement of Idaho laws that refuse to recognize the lawful marriages of the Married Plaintiffs, relegating them to a second and unequal class of married couples, violates the equal protection rights of those plaintiffs. They are entitled to declaratory and injunctive relief on this basis.

**Declaratory and Injunctive Relief**

87.     Plaintiffs incorporate by reference and re-allege all of the preceding paragraphs of this complaint as though fully set forth herein.

88.     This case presents an actual controversy because defendants' present and ongoing violation of plaintiffs' rights to due process and equal protection subject plaintiffs to serious and immediate harms, warranting the issuance of a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and the Federal Rules of Civil Procedure 57 and 65.

89.     Plaintiffs seek injunctive relief to protect their constitutional rights and avoid the injuries described above. A favorable decision enjoining defendants would redress and prevent the irreparable injuries to plaintiffs which have been identified, for which plaintiffs have no adequate remedy at law or in equity.

## VI.    PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter judgment:

A.  Declaring that the provisions of and enforcement by defendants of Idaho's laws excluding same-sex couples from marriage, including article III, section 28 of Idaho's Constitution, Idaho Code section 32-201, and any other sources of state law that exclude same-sex couples from marrying violate the Unmarried Plaintiffs' rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

B.  Declaring that the provisions of and enforcement by defendants of Idaho's laws barring recognition of the valid out-of-state marriages of the Married Plaintiffs same-sex couples, including article III, section 28 of Idaho's Constitution, Idaho Code section 32-209, and any other sources of state law that refuse recognition to the marriages of the plaintiffs who validly married a same-sex spouse in another jurisdiction violate plaintiffs' rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

C.  Permanently enjoining enforcement by defendants of article III, section 28 of Idaho's Constitution, Idaho Code sections 32-201 and 32-209, and any other sources of state law to exclude the Unmarried Plaintiffs from marriage or to refuse recognition of the marriages of the Married Plaintiffs;

D. Requiring defendants in their official capacities to permit issuance of marriage licenses to the Unmarried Plaintiffs, pursuant to the same restrictions and limitations applicable to different-sex couples, and to recognize the marriages validly entered into by the Married Plaintiffs;

E. Awarding plaintiffs their costs, expenses, and reasonable attorneys' fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

F. Granting such other and further relief as the Court deems just and proper.

G. The declaratory and injunctive relief requested in this action is sought against each defendant; against each defendant's officers, employees, and agents; and against all persons acting in active concert or participation with any defendant, or under any defendant's supervision, direction, or control.

DATED: November 8, 2013

Respectfully submitted,

_____/s/_____
Deborah A. Ferguson, ISB No. 5333
The Law Office of Deborah A. Ferguson, PLLC
202 N. 9th Street, Suite 401 C
Boise, Idaho 83702
Tel.: (208) 484-2253
d@fergusonlawmediation.com

Craig Harrison Durham, ISB No. 6428
Durham Law Office, PLLC
405 S. 8th Street, Ste. 372
Boise, ID 83702
Tel.: (208) 345-5183
craig@chdlawoffice.com

National Center for Lesbian Rights
Shannon P. Minter*
Christopher F. Stoll*
870 Market Street, Suite 370

San Francisco, California 94102
Tel.: (415) 392-6257
sminter@nclrights.org
cstoll@nclrights.org

**Attorneys for Plaintiffs**
* Motions for Admission Pro Hac Vice Pending