Case No. 13-cv-00482-CWD

Exhibit A to Plaintiffs' Proposed Litigation Plan

**II.     DISCOVERY PLAN**

A.     INITIAL DISCLOSURES TO BE EXCHANGED: Counsel for Plaintiffs are aware that initial disclosures are due within 14 days of the meet and confer conference. All counsel of record as of December 20, 2013, for all parties, conferred on that date and mutually agreed that initial disclosures would not be exchanged, due to the legal track of the case.
     Since the December 20, 2013 meet and confer conference, the Attorney General's Office has substituted as counsel for Defendant Christopher Rich, Ada County Recorder (Docket No. 26). A second meet and confer conference was held on January 6, 2014 at the request of the Attorney General's Office. The position of Defendant Rich with respect to initial disclosures has changed, and his substituted counsel proposes that initial disclosures be exchanged at a future date, 14 days after disposition of its anticipated motion to dismiss. The position of Plaintiffs' counsel remains unchanged; namely that initial disclosures be waived for all parties.

B.     NUMBER AND LENGTH OF DEPOSITIONS: Counsel for all parties at both meet and confer conferences indicated that no party intended to take factual discovery. Although depositions are not anticipated, counsel agreed that the right to take depositions would be reserved.

**III.    LITIGATION PLAN**

C.     EXPERT TESTIMONY DISCLOSURES: On the legal track, this case is likely to be resolved by motion rather than trial. Fed. R. Civ. P. 26(a)(2)(A) and (B) requires the disclosure of any expert witness a party may use at trial, and their written report. As no trial is anticipated, expert testimony disclosures deadlines need not be established. In the event the case is not resolved through dispositive motions, Plaintiffs request that expert testimony disclosures deadlines be established if a trial date is set.