SCHEDULING CONFERENCE FORM
LITIGATION PLAN/ALTERNATE DISPUTE RESOLUTION OPTIONS

This form may assist you in submitting a proposed scheduling time-frame for your case. Plaintiff's counsel should contact all parties and discuss the Litigation Plan, and should the parties stipulate to the dates proposed, only ONE Plan needs to be returned to the Court.

**This Scheduling Conference/Litigation form is to be filled out and filed with the Court no later than one week prior to the scheduling conference.**

CASE #: 13-cv-00482-CWD        NATURE OF SUIT: Challenge to ID Const. & statute

CASE NAME: Susan Latta, et. al., v. C.L. "Butch" Otter & Christopher Rich

PARTY SUBMITTING PLAN: Defendant Governor Otter

[ ] Plan has been stipulated to by all parties

[✓] Plan has not been stipulated to, but is submitted by:

ATTORNEY / FIRM: Thomas Perry, Counsel to the Governor

REPRESENTING: Defendant Governor Otter

**I. TRIAL TRACK**: Indicate the track that best fits your case. (Designation of a track is not binding but will assist the Court in assessing its workload and selecting a trial date and discovery schedule that meets counsel's needs.)

[ ] **Expedited Track** (Typically, cases on this track will get a trial date in 6 to 9 months; take 4 days or less to try; involve limited discovery; and have no, or limited expert testimony.)

[ ] **Standard Track** (Typically, cases on this track will get a trial date in 12 months; take about 5-10 days to try; and have about one or two experts per side.)

[ ] **Complex Track** (Typically, cases on this track will get a trial date in 18-24 months; take 10 days or more to try; involve extensive discovery with staggered discovery schedules; and have extensive expert testimony.)

[✓] **Legal Track** (Cases on this track involve legal issues which are likely to be resolved by motion rather than trial. A motion hearing will be set, but no trial date will be set until it is clear that the case cannot be resolved by motion.)

**II. DISCOVERY PLAN** (*Judge Dale requires the parties to follow Rule 26(f)(2) and to meet and confer for the purposes of outlining and/or agreeing to a discovery plan, including issues related to discovery of electronically stored information, if either party contemplates such discovery, for discussion with the Court at the time of the scheduling conference.*)

A. INITIAL DISCLOSURES TO BE EXCHANGED: Only if case cannot be resolved by motion

B. NUMBER AND LENGTH OF DEPOSITIONS (*Local Rule 30.1 requires the parties' agreement or authorization by the Court if either party requests more than 10 depositions or to spend more than 7 hours conducting any deposition.*)

Plaintiff(s): _____

Defendant(s): Depositions are not anticipated; reserving right to depose if necessary

**III. LITIGATION PLAN** (*Judge Dale prefers that parties anticipate the amount of time needed to complete discovery, set deadlines for discovery and for filing dispositive motions.*)

A. JOINDER OF PARTIES & AMENDMENT
OF PLEADINGS CUT-OFF DATE: January 31, 2014

B. FACTUAL DISCOVERY CUT-OFF DATE: Only if case cannot be resolved by legal motion

C. EXPERT TESTIMONY DISCLOSURES: (Local Rule 26.2 (b))

Plaintiff to identify and disclose expert reports by: Not applicable at this time

Defendant to identify and disclose expert reports by: Not applicable at this time

Plaintiff to identify and disclose rebuttal expert reports, if any, by: Not applicable at this time

ALL discovery relevant to experts shall be completed by: Not applicable at this time

D. DISPOSITIVE MOTIONS FILING CUT-OFF DATE: May 5, 2014. See below

E. TRIAL DATE – Generally, a trial date will not be set until either completion of dispositive motions or unsuccessful ADR. At that time, a status conference will be held and a trial date will be set. This will be a first setting and is generally 60-120 days from the date of the status conference.

**IV. ALTERNATE DISPUTE RESOLUTION OPTIONS** - Pursuant to Local Rule 16.1 and 16.4, the parties must meet and confer about (1) whether they might benefit from participating in some form of ADR process; (2) which type of ADR process is best suited to the specific circumstances in their case; and (3) when the most appropriate time would be for the ADR session to be held.

Check Preference:

____ MEDIATION (General Order No. 130) (Local Rule 16.4(b)(2))
____ SETTLEMENT CONFERENCE (Local Rule 16.4(b)(1))
____ ARBITRATION (General Order No. 92) (Local Rule 16.4(b)(3))
____ VOLUNTARY CASE MANAGEMENT CONFERENCE (Local Rule 16.1(A)).
✓ OTHER ADR not requested at this time

ADR to be held by: _____

Regardless of whether the parties choose mediation, a judicially-supervised settlement conference, arbitration, or some other form of ADR, the court strongly encourages the attorneys to schedule ADR early in the proceedings and in advance of the filing of dispositive motions so as to reduce the cost of litigation for their clients.

Defendant Gov. Otter proposes the following schedule:

- Motions for Summary Judgment, to be filed by any party, are due on or before 2/17/2014.
- Any responses to motions for Summary Judgment, to be filed by any party, on or before 3/17/2014

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of January, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Deborah A. Ferguson
The Law Office of Deborah A. Ferguson, PLLC
202 N. 9th Street, Ste 401C
Boise, ID 83702

Craig Harrison Durham
Durham Law Office, PLLC
405 S. 8th Street, Ste 372
Boise, ID 83702

Shannon P. Minter
Christopher F. Stoll
National Center for Lesbian Rights
870 Market Street, Ste 370
San Francisco, CA 94102

Steven L. Olsen
Clay R. Smith
W. Scott Zanzig
Deputy Attorney General
954 W. Jefferson Street, 2nd Floor
PO Box 83720
Boise, ID 83720

 

/s/ *Thomas C. Perry*
THOMAS C. PERRY
Counsel to the Governor