SCHEDULING CONFERENCE FORM
LITIGATION PLAN/ALTERNATE DISPUTE RESOLUTION OPTIONS

This form may assist you in submitting a proposed scheduling time-frame for your case. Plaintiff's counsel should contact all parties and discuss the Litigation Plan, and should the parties stipulate to the dates proposed, only ONE Plan needs to be returned to the Court.

**This Scheduling Conference/Litigation form is to be filled out and filed with the Court no later than one week prior to the scheduling conference.**

CASE #: 13-cv-00482-CWD       NATURE OF SUIT: Challenge to ID Const. & statute

CASE NAME: Susan Latta, et. al., v. C.L. "Butch" Otter & Christopher Rich

PARTY SUBMITTING PLAN: Defendant Christopher Rich

[ ] Plan has been stipulated to by all parties

[ ] Plan has not been stipulated to, but is submitted by:

ATTORNEY / FIRM: W. Scott Zanzig and Clay R. Smith, Deputy Att'ys General

REPRESENTING: Defendant Christopher Rich

**I. TRIAL TRACK**: Indicate the track that best fits your case. (Designation of a track is not binding but will assist the Court in assessing its workload and selecting a trial date and discovery schedule that meets counsel's needs.)

[ ] **Expedited Track** (Typically, cases on this track will get a trial date in 6 to 9 months; take 4 days or less to try; involve limited discovery; and have no, or limited expert testimony.)

[ ] **Standard Track** (Typically, cases on this track will get a trial date in 12 months; take about 5-10 days to try; and have about one or two experts per side.)

[ ] **Complex Track** (Typically, cases on this track will get a trial date in 18-24 months; take 10 days or more to try; involve extensive discovery with staggered discovery schedules; and have extensive expert testimony.)

[✓] **Legal Track** (Cases on this track involve legal issues which are likely to be resolved by motion rather than trial. A motion hearing will be set, but no trial date will be set until it is clear that the case cannot be resolved by motion.)

**II. DISCOVERY PLAN** (*Judge Dale requires the parties to follow Rule 26(f)(2) and to meet and confer for the purposes of outlining and/or agreeing to a discovery plan, including issues related to discovery of electronically stored information, if either party contemplates such discovery, for discussion with the Court at the time of the scheduling conference.*)

A. INITIAL DISCLOSURES TO BE EXCHANGED: See Attachment

B. NUMBER AND LENGTH OF DEPOSITIONS (*Local Rule 30.1 requires the parties' agreement or authorization by the Court if either party requests more than 10 depositions or to spend more than 7 hours conducting any deposition.*)

Plaintiff(s):_____

Defendant(s): Depositions are not anticipated, reserving right to depose if necessary

**III. LITIGATION PLAN** (*Judge Dale prefers that parties anticipate the amount of time needed to complete discovery, set deadlines for discovery and for filing dispositive motions.*)

A. JOINDER OF PARTIES & AMENDMENT
OF PLEADINGS CUT-OFF DATE:_____ January 31, 2014 _____

B. FACTUAL DISCOVERY CUT-OFF DATE:_ See Attachment _____

C. EXPERT TESTIMONY DISCLOSURES: (Local Rule 26.2 (b))

Plaintiff to identify and disclose expert reports by:_ See Attachment _____

Defendant to identify and disclose expert reports by:_ See Attachment _____

Plaintiff to identify and disclose rebuttal expert reports, if any, by:_ See Attachment _____

ALL discovery relevant to experts shall be completed by:_ See Attachment _____

D. DISPOSITIVE MOTIONS FILING CUT-OFF DATE:_ See Attachment _____

E. TRIAL DATE – Generally, a trial date will not be set until either completion of dispositive motions or unsuccessful ADR. At that time, a status conference will be held and a trial date will be set. This will be a first setting and is generally 60-120 days from the date of the status conference.

**IV. ALTERNATE DISPUTE RESOLUTION OPTIONS** - Pursuant to Local Rule 16.1 and 16.4, the parties must meet and confer about (1) whether they might benefit from participating in some form of ADR process; (2) which type of ADR process is best suited to the specific circumstances in their case; and (3) when the most appropriate time would be for the ADR session to be held.

Check Preference:

____ MEDIATION (General Order No. 130) (Local Rule 16.4(b)(2))
____ SETTLEMENT CONFERENCE (Local Rule 16.4(b)(1))
____ ARBITRATION (General Order No. 92) (Local Rule 16.4(b)(3))
____ VOLUNTARY CASE MANAGEMENT CONFERENCE (Local Rule 16.1(A)).
_✓_ OTHER_ ADR not requested at this time

ADR to be held by:_____

Regardless of whether the parties choose mediation, a judicially-supervised settlement conference, arbitration, or some other form of ADR, the court strongly encourages the attorneys to schedule ADR early in the proceedings and in advance of the filing of dispositive motions so as to reduce the cost of litigation for their clients.

**Attachment to Scheduling Conference Form**

Defendant Christopher Rich has filed a Rule 12(b)(6) motion to dismiss plaintiffs' claims. At the January 6, 2014 conference of counsel, Mr. Rich's counsel suggested that the case could be resolved most efficiently if the Court ruled on the motion to dismiss before the parties engaged in expert or other discovery, and before filing cross-motions for summary judgment. If the Court grants the motion to dismiss, it will resolve all claims. If any claims survive the motion to dismiss, the parties will have the benefit of the Court's analysis to focus their efforts in resolving any remaining claims. Accordingly, defendant Rich proposes the following schedule:

II.A    Initial Disclosures to Be Exchanged:  Within 14 days of disposition of defendant Rich's motion to dismiss

III.B   Factual Discovery Cut-Off Date: 75 days after disposition of defendant Rich's motion to dismiss

III.C   Expert Testimony Disclosures:

Plaintiff to identify and disclose expert reports by 30 days after factual discovery cut-off

Defendant to identify and disclose expert reports by 30 days after plaintiffs' expert disclosures

Plaintiff to identify and disclose rebuttal expert reports, if any, by 15 days after defendants' disclosures

III.D   Dispositive Motions Filing Cut-Off Date: 30 days after expert testimony disclosures completed