THOMAS C. PERRY, ISB #7203
CALLY A. YOUNGER, ISB # 8987
Office of the Governor
P.O. Box 83720
Boise, ID  83720-0034
Telephone:     (208) 334-2100
Facsimile:     (208) 334-3454


Attorneys for Defendant, Governor C.L. "Butch" Otter

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN LATTA and TRACI EHLERS, LORI WATSEN and SHARENE WATSEN, SHELIA ROBERTSON and ANDREA ALTMAYER, AMBER BEIERLE and RACHAEL ROBERTSON,<br><br>Plaintiffs,<br><br>vs.<br><br>C.L. (BUTCH) OTTER, as Governor of the State of Idaho, in his official capacity, and CHRISTOPHER RICH, as Recorder of Ada County, Idaho, in his official capacity,<br><br>Defendants. | Case No. 1:13-cv-00482-CWD<br><br>**ANSWER** |

Defendant Governor C.L. "Butch" Otter, by and through his counsel of record, pursuant to FED. R. CIV. P. 8, hereby answers Plaintiffs' Complaint for Declaratory and Injunctive Relief (Doc. 1).  Any allegation of fact in Plaintiffs' Complaint not specifically admitted is denied. Any allegation of fact about which Defendant Governor Otter does not possess sufficient knowledge or information is also denied.  Any portion of the Complaint constituting a legal

ANSWER - 1

conclusion and/or statement of opinion is denied. Failure to dispute a legal conclusion does not constitute agreement with that conclusion of law.

## INTRODUCTION

1. Paragraph 1 contains conclusions of law that Governor Otter denies. Governor Otter admits that Idaho's marriage laws do not recognize same-sex marriages.

2. Governor Otter is without sufficient knowledge or information to admit or deny the allegations of fact contained in Paragraph 2 and on that basis denies this paragraph.

3. Governor Otter is without sufficient knowledge or information to admit or deny the allegations of fact contained in Paragraph 3 and on that basis denies this paragraph.

4. Governor Otter is without sufficient knowledge or information to admit or deny the allegations of fact contained in Paragraph 4 and on that basis denies this paragraph.

5. Governor Otter admits that Idaho's marriage laws do not permit same-sex couples to marry. Governor Otter denies the remainder of Paragraph 5.

6. Governor Otter is without sufficient knowledge or information to admit or deny the allegations of fact contained in Paragraph 6 and on that basis denies this paragraph.

7. Governor Otter admits that Idaho's marriage laws do not recognize same-sex marriages. Paragraph 7 contains conclusions of law that Governor Otter neither admits nor denies.

8. Governor Otter is without sufficient knowledge or information to admit or deny the allegations of fact contained in Paragraph 8 and on that basis denies this paragraph.

9. Governor Otter is without sufficient knowledge or information to admit or deny the allegations of fact contained in Paragraph 9 and on that basis denies this paragraph. The remainder of Paragraph 9 contains statements of opinion or conclusions of law that are denied.

10. Paragraph 10 contains conclusions of law that Governor Otter neither admits nor denies.

11. Governor Otter neither admits nor denies the conclusions of law and statements of opinion contained in Paragraph 11.

12. Governor Otter neither admits nor denies the conclusions of law and statements of opinion contained in Paragraph 12.

13. Governor Otter neither admits nor denies the conclusions of law and statements of opinion contained in Paragraph 13. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights.

14. Governor Otter admits that Plaintiffs have sued under 42 U.S.C. § 1983. Governor Otter denies that Plaintiffs are asserting any enforceable constitutional rights in the Complaint. To the extent Paragraph 14 summarizes the relief requested by Plaintiffs, it contains no allegations of fact requiring an answer.

**PARTIES**

15. Governor Otter is without sufficient knowledge or information to admit or deny the allegations of fact contained in Paragraph 15 and on that basis denies this paragraph.

16. Governor Otter admits that publically available information confirms that Plaintiff Watsen is a Licensed Clinical Social Worker. Governor Otter is without sufficient knowledge or information as to the remainder of the allegations of fact contained in Paragraph 16 and on that basis denies this paragraph.

17. Governor Otter is without sufficient knowledge or information to admit or deny the allegations of fact contained in Paragraph 17 and on that basis denies this paragraph.

18. Governor Otter is without sufficient knowledge or information to admit or deny the allegations of fact contained in Paragraph 18 and on that basis denies this paragraph.

19. Governor Otter admits that Defendant C.L. "Butch" Otter is the Governor of Idaho and his official residence is in Ada County within the District of Idaho, and further admits that Article IV, section 5 of the Idaho Constitution is accurately quoted in Paragraph 19, but Plaintiffs have mistakenly labeled that section as Article VI, not as Article IV. The remainder of Paragraph 19 contains conclusions of law that are denied on that basis.

20. Governor Otter admits that Defendant Chris Rich is the Clerk/Auditor/Recorder of Ada County and that his official residence is in Ada County within the District of Idaho. The remainder of Paragraph 20 contains conclusions of law that require no answer.

21. Paragraph 21 contains conclusions of law that Governor Otter neither admits nor denies.

## JURISDICTION AND VENUE

22. Governor Otter admits that Plaintiffs have sued under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 *et seq*. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights.

23. Governor Otter asserts that, under *Baker v. Nelson*, 409 U.S. 810 (1972), Plaintiffs' Complaint does not present a substantial federal question, and to that extent, denies that this Court has jurisdiction over the issues presented in Plaintiffs' Complaint. Subject matter jurisdiction is also precluded by the Anti-Tax Injunction Act § 1341.

24. Paragraph 24 contains conclusions of law that Governor Otter neither admits nor denies.

25. Paragraph 25 contains conclusions of law that Governor Otter neither admits nor denies.

## STATEMENT OF FACTS

26. Paragraph 26 contains conclusions of law that Governor Otter neither admits nor denies.

27. Governor Otter admits that Paragraph 27 accurately quotes Idaho Code § 32-209, as amended by 1996 Idaho Session Law, chapter 331. Governor Otter affirmatively states that same-sex marriages have never been recognized in Idaho. Governor Otter admits that Idaho's marriage laws define marriage as the legal union between a man and a woman and do not recognize same-sex marriages performed in Idaho or other jurisdictions. The remainder of this paragraph contains conclusions of law and statements of opinion that Governor Otter neither admits nor denies.

28. Governor Otter admits that Paragraph 28 accurately quotes Idaho Code § 32-201. The remainder of this paragraph contains conclusions of law and statements of opinion that Governor Otter neither admits nor denies.

29. Governor Otter admits that Paragraph 29 accurately quotes Article III, § 28 of the Idaho Constitution and that it was adopted pursuant to Article XX, §1 of the Idaho Constitution by the electorate at the general election of 2006. The remainder of Paragraph 29 contains conclusions of law that Governor Otter neither admits nor denies.

30. Paragraph 30 contains statements of opinion that Governor Otter neither admits nor denies. To the extent Paragraph 30 contains allegations of fact, Governor Otter is without sufficient knowledge or information to admit or deny such allegations and on that basis denies this paragraph.

31. Governor Otter admits that Idaho's marriage laws would not recognize a same-sex marriage performed in California. The remainder of Paragraph 31 is denied as Governor Otter is without sufficient knowledge or information to admit or deny such allegations.

32. Governor Otter admits that Idaho's marriage laws would not recognize a same-sex marriage performed in New York. The remainder of Paragraph 32 is denied as Governor Otter is without sufficient knowledge or information to admit or deny such allegations.

33. Governor Otter is without sufficient knowledge or information to admit or deny the allegations of fact contained in Paragraph 33 and on that basis denies this paragraph.

34. Governor Otter denies the conclusions of law and statements of opinion contained in Paragraph 34. Governor Otter also denies that Plaintiffs are being denied any constitutionally protected rights.

## CLAIMS FOR RELIEF

35. Governor Otter incorporates by reference all the preceding answers contained in Paragraphs 1 through 34 above.

36. Paragraph 36 contains only legal assertions and does not require an answer.

37. Paragraph 37 contains only legal assertions and does not require an answer.

38. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights and admits that Idaho law does not permit same-sex marriage.

39. Governor Otter admits that marriage between a man and a woman is a constitutionally protected fundamental right and/or liberty interest and denies the remainder of Paragraph 39 as there is no constitutionally recognized right to same-sex marriage. Governor Otter disagrees with the remaining conclusions of law in Paragraph 41.

40. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights. Governor Otter disagrees with the conclusions of law in Paragraph 40.

41. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights. Governor Otter disagrees with the conclusions of law in Paragraph 41.

42. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights. Governor Otter disagrees with the conclusions of law in Paragraph 42.

43. Controlling Ninth Circuit precedent has established that sexual orientation does not implicate a protected class to which heightened scrutiny applies. *See High Tech Gays v. Def. Indus. Sec. Clearance Office*, 895 F.2d 563 (9th Cir. 1990). Governor Otter disagrees with the remaining conclusions of law contained in Paragraph 43.

## SECOND CLAIM FOR RELIEF

44. Governor Otter incorporates by reference all the preceding answers contained in Paragraphs 1 through 43 above.

45. Governor Otter is without sufficient information or knowledge to admit or deny the allegations of fact contained in Paragraph 45 and on that basis denies this paragraph.

46. Governor Otter is without sufficient information or knowledge to admit or deny the allegations of fact contained in Paragraph 46 and on that basis denies this paragraph.

47. Paragraph 47 contains conclusions of law that Governor Otter neither admits nor denies. Governor Otter admits there are rights, responsibilities, benefits, privileges and protections available to legally and lawfully married couples in the State of Idaho.

48. Paragraph 48 contains conclusions of law that Governor Otter neither admits nor denies.

49. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights. The remainder of Paragraph 49 contains conclusions of law that Governor Otter neither admits nor denies.

50. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights. The remainder of Paragraph 50 contains conclusions of law that Governor Otter neither admits nor denies.

51. Governor Otter admits that Idaho's marriage laws do not recognize Plaintiffs as married. Idaho law prevents neither gays nor lesbians from marrying. Homosexuals may marry in Idaho, but they face the same restriction all couples do – namely, they may not marry a person of the same sex. This restriction applies equally to both males and females. The remainder of Paragraph 51 contains conclusions of law that Governor Otter neither admits nor denies.

52. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights. The remainder of Paragraph 52 contains conclusions of law that Governor Otter neither admits nor denies.

53. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights. The remainder of Paragraph 53 contains conclusions of law that Governor Otter neither admits nor denies.

54. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights. The remainder of Paragraph 54 contains conclusions of law that Governor Otter neither admits nor denies.

55. Paragraph 55 contains conclusions of law that Governor Otter neither admits nor denies.

56. Paragraph 56 contains conclusions of law that Governor Otter neither admits nor denies.

### THIRD CLAIM FOR RELIEF

57. Governor Otter incorporates by reference all the preceding answers contained in Paragraphs 1 through 56 above.

58. Paragraph 58 contains conclusions of law that Governor Otter neither admits nor denies.

59. Governor Otter admits the Fourteenth Amendment to the U.S. Constitution is enforceable by 42 U.S.C. § 1983. The remainder of Paragraph 59 contains conclusions of law that Governor Otter neither admits nor denies.

60. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights. The remainder of Paragraph 60 contains conclusions of law that Governor Otter neither admits nor denies.

61. Governor Otter denies, in his official capacity, that he has denied Plaintiffs any constitutionally protected rights under the Fourteenth Amendment. The remainder of Paragraph 61 contains legal conclusions that Governor Otter neither admits nor denies.

62. Paragraph 62 contains legal conclusions that Governor Otter neither admits nor denies. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights.

63. Paragraph 63 contains conclusions of law and statements of opinion that Governor Otter neither admits nor denies.

64. Paragraph 64 contains conclusions of law and statements of opinion that Governor Otter neither admits nor denies. Governor Otter denies that same-sex couples are similar to opposite-sex couples in all of the characteristics relevant to marriage.

65. Paragraph 65 contains statements of opinion that Governor Otter neither admits nor denies.

66. Governor Otter is without sufficient information or knowledge to admit or deny the allegations of fact contained in Paragraph 66 and on that basis denies this paragraph.

67. Paragraph 67 contains statements of opinion that Governor Otter neither admits nor denies.

68. Governor Otter disagrees with Plaintiffs' conclusions of law.

69. Governor Otter disagrees with Plaintiffs' conclusions of law. Controlling Ninth Circuit precedent establishes that sexual orientation does not implicate a protected class to which heightened scrutiny applies. *See High Tech Gays v. Def. Indus. Sec. Clearance Office*, 895 F.2d 563 (9th Cir. 1990).

70. Paragraph 70 contains statements of opinion that Governor Otter neither admits nor denies.

71. Controlling Ninth Circuit precedent establishes that homosexuals are not politically powerless for purposes of triggering heightened scrutiny. *See High Tech Gays v. Def. Indus. Sec. Clearance Office*, 895 F.2d 563 (9th Cir. 1990). Governor Otter disagrees with Plaintiffs' remaining conclusions of law and denies that Plaintiffs are being denied any constitutionally protected rights. Governor Otter admits that Idaho law does not prohibit employment, public accommodation, or housing discrimination on the basis of sexual orientation; however, several city ordinances within the State do prohibit discrimination based on sexual orientation.

72. Governor Otter asserts that any classification resulting from Idaho's laws defining marriage as the union of a man and a woman is rationally related to a legitimate governmental interest. *See Sevick v. Sandoval*, 911 F. Supp. 2d 996, 1014-1018 (D. Nev. 2012) (holding that the protection of traditional marriage is a legitimate state interest, and that the *Lawrence* Court, *see* 539 U.S. 558 (2003), "appears to have strongly implied … the preservation of the traditional institution of marriage should be considered a legitimate state interest rationally related to prohibiting same-sex marriage") (appeal pending). Governor Otter denies all of Plaintiffs' remaining conclusions of law contained in Paragraph 72.

73. Governor Otter disagrees with Plaintiffs' conclusions of law contained in Paragraph 73. Governor Otter denies that Idaho's marriage laws discriminate on the basis of sex.

74. Governor Otter admits that Plaintiffs are precluded from same-sex marriage in Idaho, denies that Idaho's marriage laws discriminate on the basis of sex, and denies all other conclusions of law contained in Paragraph 74.

75. Governor Otter denies that Idaho's laws discriminate on the basis of sex and denies all other conclusions of law and statements of opinion contained in Paragraph 75.

76. Governor Otter denies that Idaho's marriage laws discriminate on the basis of sex and denies all other statements of opinion and legal conclusions contained in Paragraph 76.

77. Governor Otter asserts that any classification resulting from Idaho's laws defining marriage as the union of a man and a woman is rationally related to a legitimate governmental interest and denies all other statements of opinion and conclusions of law contained in Paragraph 77.

78. Governor Otter asserts that any classification resulting from Idaho's marriage laws defining marriage as the union of a man and a woman is rationally related to a legitimate governmental interest and denies all other statements of opinion and conclusions of law contained in Paragraph 78.

## FOURTH CLAIM FOR RELIEF

79. Governor Otter incorporates by reference all the preceding answers contained in Paragraphs 1 through 78 above.

80. Governor Otter affirmatively states that same-sex marriages have never been recognized in Idaho. Governor Otter admits that Idaho's marriage laws define marriage as the legal union between a man and a woman and do not recognize same-sex marriages. The remainder of this paragraph contains conclusions of law and statements of opinion that Governor Otter neither admits nor denies.

81. Governor Otter denies that Plaintiffs are being deprived of any constitutionally protected rights and disagrees with the remaining conclusions of law contained in Paragraph 81.

82. Governor Otter denies that Plaintiffs are being deprived of any constitutionally protected rights and disagrees with the remaining conclusions of law contained in Paragraph 82.

83. Governor Otter agrees that States have the authority to regulate marriage. Governor Otter denies the remaining conclusions of law and statements of opinion in Paragraph 83.

84. Governor Otter asserts that Idaho's marriage laws do not single-out a subset of Idaho-sanctioned marriages and denies the remaining conclusions of law or statements of opinion contained in Paragraph 84.

85. Governor Otter denies the conclusions of law or statements of opinion contained in Paragraph 85.

86. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights and disagrees with the remaining conclusions of law contained in Paragraph 86.

## DECLARATORY AND INJUNCTIVE RELIEF

87. Governor Otter incorporates by reference all the preceding answers contained in Paragraphs 1 through 86 above.

88. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights, disagrees this Court has subject matter jurisdiction over this case, and denies all remaining conclusions of law contained in Paragraph 88.

89. Governor Otter denies that Plaintiffs are being denied any constitutionally protected rights, disagrees this Court has subject matter jurisdiction over this case, and denies all remaining conclusions of law contained in Paragraph 89.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief does not contain any factual allegations requiring an answer.

## ADDITIONAL ALLEGATIONS OF FACT AND CONCLUSIONS OF LAW

The State of Idaho is a sovereign State of the Union. The attributes of sovereignty include, among other things, the authority to regulate domestic relationships within the State. Accordingly, a State faces irreparable harm when it is enjoined from effectuating statutes enacted by representatives of its people. *Maryland v. King*, 567 U.S. __, 133 S.Ct. 1, 3, 183 L. Ed. 2d 667 (2012) (Roberts, C.J., in chambers) (quoting *New Motor Vehicle Bd. Of Cal. V. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers).

## ADDITIONAL DEFENSES

Governor Otter asserts the following separate defenses to Plaintiffs' Complaint without assuming the burden of proof or production on such defenses that would otherwise rest on Plaintiffs. Moreover, Governor Otter asserts that there are or may be other defenses which are at this time unknown and, therefore, reserves the right to amend this Answer if appropriate and assert additional defenses.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over the claims asserted in Plaintiffs' Complaint and/or the Complaint fails to raise a substantial federal question.  *See Baker v. Nelson*, 409 U.S. 810 (1972).

## THIRD DEFENSE

Plaintiffs' claims present a political question or are otherwise not justiciable.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the Eleventh Amendment.  U.S. CONST. amend XI.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the Tenth Amendment.  Idaho has the sovereign right to define and regulate marriage.  "[T]he states, at the time of the adoption of the Constitution, possessed full power over the subject of marriage and divorce … [and] the Constitution delegated no authority to the Government of the United States on the subject of marriage and divorce.  *United States v. Windsor*, 133 S.Ct. 2675, 2691 (2013) (quoting *Haddock v. Haddock*, 201 U.S. 562, 575 (1906)); *see also In re Burrus*, 136 U.S. 586, 593-94 (1890); *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 383-84 (1930); U.S. CONST. amend. X.

## SIXTH DEFENSE

Sexual orientation does not implicate a protected or suspect class to which heightened scrutiny applies.  *See High Tech Gays v. Def. Indus. Sec. Clearance Office*, 895 F.2d 563 (9th Cir. 1990); *Phillips v. Perry*, 106 F.3d 1420, 1425 (9th Cir. 1997) (*High Tech Gays* controlled and precluded strict scrutiny); *accord Witt v. Dep't of Air Force*, 527 F.3d 806, 821 (9th Cir. 2008).

## SEVENTH DEFENSE

Same-sex marriage is not a constitutionally protected fundamental right.

**EIGHTH DEFENSE**

Any classification, resulting from IDAHO CONST. art. III, § 28 and Idaho Code §§ 32-201 and -209 establishing that man-woman marriage is the "only domestic legal union that shall be recognized in this state," is rationally related to a legitimate government interest.

**NINTH DEFENSE**

It is the established public policy of Idaho to recognize man-woman marriage as the only recognized domestic union.  IDAHO CONST. art. III, § 28; Idaho Code §§ 32-201, 32-209.

**TENTH DEFENSE**

Idaho's recognition of traditional marriage does not violate the United States Constitution.  Idaho has never granted, then withdrawn, recognition of same-sex marriages.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred by the Anti-Tax Injunction Act, 28 U.S.C. § 1341 – precluding federal subject matter jurisdiction over issues involving Plaintiffs' eligibility to file joint tax returns.

**TWELFTH DEFENSE**

A federal statute, which has not been challenged in the Complaint, provides that "[n]o State … shall be required to give effect to any public act, record, or judicial proceeding of any other State … respecting a relationship between persons of the same sex that is treated as a marriage."  28 U.S.C. § 1738C.  This statute is squarely within Congress' authority.  *See* U.S. CONST., Art. IV, § 1 "Full Faith and Credit shall be given in each State to the public acts, Records, and Judicial Proceedings of every other State.  And Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."   Thus, under Federal law, Idaho need not recognize same-sex marriages performed in other States.

### THIRTEENTH DEFENSE

Plaintiffs' Complaint demands relief that can be granted only if this Court mandates the legal meaning of marriage in Idaho for all purposes is "the union of two persons without regard to gender," yet that mandate will de-institutionalize and harm the traditional (or man-woman) marriage institution, entry into which is a fundamental right of Idaho's qualifying residents, guaranteed to them by both the Idaho and U.S. Constitutions.

### FOURTEENTH DEFENSE

Plaintiffs' Complaint demands relief that can be granted only if this Court mandates the legal meaning of marriage in Idaho for all purposes is "the union of two persons without regard to gender," yet that mandate will de-institutionalize and harm the traditional (or man-woman) marriage institution, which is the essential social predicate to making real and meaningful the fundamental right of each child to know and be reared by her mother and father, with exceptions made only in the best interests of the child and not to satisfy the desires of any adult.

### FIFTEENTH DEFENSE

Plaintiffs' Complaint demands relief that can be granted only if this Courts mandates the legal meaning of marriage in Idaho for all purposes is "the union of two persons without regard to gender," yet that mandate will de-institutionalize and harm the traditional (or man-woman) marriage institution, which performs and essential role in preserving the right of natural parents to the custody, care, upbringing, and education of their children, a right guaranteed by the U.S. Constitution.  *See, e.g.*, *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 535 (1925); *Meyer v. Nebraska*, 262 U.S. 390 (1923).  This mandate will result in a legal regime where the rights of parenthood are granted and withdrawn at the whim of the government.

### PRAYER

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Governor Otter prays that the same be dismissed with prejudice, for their costs, and for such other relief as to the Court seems just and equitable.

ANSWER - 14

DATED this 13th day of January, 2014.

By     /s/ *Thomas C. Perry*
THOMAS C. PERRY
Counsel to the Governor

*************************************************************
**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of January, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Deborah A. Ferguson
The Law Office of Deborah A. Ferguson, PLLC
202 N. 9th Street, Ste 401C
Boise, ID 83702

Craig Harrison Durham
Durham Law Office, PLLC
405 S. 8th Street, Ste 372
Boise, ID 83702

Shannon P. Minter
Christopher F. Stoll
National Center for Lesbian Rights
870 Market Street, Ste 370
San Francisco, CA 94102

Steven L. Olsen
Clay R. Smith
W. Scott Zanzig
Deputy Attorney General
954 W. Jefferson Street, 2nd Floor
PO Box 83720
Boise, ID 83720

   /s/ *Thomas C. Perry*
THOMAS C. PERRY
Counsel to the Governor

ANSWER - 15