UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN LATTA and TRACI EHLERS, LORI WATSEN and SHARENE WATSEN, SHELIA ROBERTSON and ANDREA ALTMAYER, AMBER BEIERLE and RACHAEL ROBERTSON,<br><br>Plaintiffs,<br><br>v.<br><br>C.L. "BUTCH" OTTER, as Governor of the State of Idaho, in his official capacity, and CHRISTOPHER RICH, as Recorder of Ada County, Idaho, in his official capacity,<br><br>Defendants. | Case No. 1:13-cv-00482-CWD<br><br>**ORDER** |

  Before the Court is the State of Idaho's Motion to Intervene (Dkt. 18). By and through the Office of the Attorney General, the State of Idaho seeks the Court's permission to intervene as a defendant in Plaintiffs' constitutional challenge to several Idaho marriage laws. For reasons more fully explained below, the Court will grant the motion to intervene.

ORDER - 1

## BACKGROUND

Plaintiffs are four same-sex couples—two unmarried and two legally married outside of the State of Idaho. They claim that Idaho's laws excluding same-sex couples from marriage and withholding recognition of same-sex marriages lawfully entered into in other jurisdictions deprive them of due process and equal protection guaranteed by the Fourteenth Amendment to the Constitution of the United States. On November 8, 2013, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202. (Dkt. 1.) The Complaint names as defendants the Governor of the State of Idaho, C.L. "Butch" Otter, and the Ada County Recorder, Christopher Rich, in their official capacities.

Defendant Rich, acting through his authorized deputy, is alleged to have denied marriage license applications submitted by both unmarried couples. (Dkt. 1 ¶¶ 17-18.) Defendant Otter, Idaho's Chief Executive, is responsible for enforcing the State's allegedly unconstitutional marriage laws. (*Id*. at ¶ 19.)

Idaho law permits the Governor to "employ attorneys other than those under the supervision of the attorney general." Idaho Code § 67-1406(1). Defendant Otter to date has been represented by counsel from the Office of the Governor rather than by counsel from the Office of the Attorney General. (Dkt. 14.)

On December 11, 2013, the State of Idaho moved to intervene in this matter, asserting a strong interest in defending Idaho's marriage laws against Plaintiffs' constitutional attack. At the time the State filed its motion, the Civil Division of the Ada County Prosecutor's Office represented Defendant Rich. On December 13, 2013,

ORDER - 2

Defendant Rich filed a Notice of Non-Objection to the State's Motion to Intervene. (Dkt. 22.) Plaintiffs filed their response in opposition to the State's motion on December 24, 2013. (Dkt. 24.) To date, Defendant Otter has taken no position on the motion.[1]

On January 2, 2014, the Ada County Prosecutor's Office withdrew as counsel of record for Defendant Rich and the Office of the Attorney General appeared in substitution as his counsel. (Dkt. 26.) One week after this substitution, Defendant Rich filed a Motion to Dismiss, arguing the Complaint fails to state a claim against him upon which relief can be granted. (Dkt. 30.) Consequently, the State of Idaho's Motion to Intervene involves a scenario different than when it was filed, for the Office of the Attorney General now represents both the proposed intervenor and a named defendant seeking dismissal of the claims against him. The Court heard oral argument on the Motion to Intervene on January 16, 2014, and the matter is ripe for resolution.

## DISCUSSION

The State of Idaho argues the Court should permit it to intervene as a defendant under Federal Rule of Civil Procedure 24(b). Plaintiffs do not dispute that the State meets the threshold requirements for permissive intervention. However, Plaintiffs contend that certain discretionary factors weigh against intervention, primarily because the State of Idaho's interests already are adequately represented by Defendants Otter and Rich. Plaintiffs also contend that "piling on" filings from a third defendant inevitably will delay these proceedings and prejudice Plaintiffs.

---

[1] At the January 16, 2014 hearing on the State of Idaho's Motion to Intervene, counsel for Defendant Otter represented that the Governor has "no problem with the Attorney General participating in the case."

ORDER - 3

1. **Permissive Intervention**

As a preliminary matter, it is important to recognize that "Rule 24 traditionally has received liberal construction in favor of applicants for intervention." *Wash. State Bldg. and Const. Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982). To qualify for permissive intervention, the proposed intervenor must file a timely motion and have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In addition, the motion to intervene must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." *Id.* at 24(c). If the proposed intervenor satisfies these threshold requirements, the Court may, in its discretion, permit intervention.

In *Spangler v. Pasadena Board of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977), the United States Court of Appeals for the Ninth Circuit enunciated several factors to guide the district courts' exercise of their broad discretion over motions for permissive intervention.

> These relevant factors include the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case. The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Id.* (footnotes omitted). Finally, as emphasized by Rule 24(b)(3), the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

Plaintiffs do not dispute that the State of Idaho timely filed its motion to intervene. Nor do they dispute that the State seeks to assert defenses that share common questions of law with those asserted by Defendants Rich and Otter. Indeed, the State of Idaho moved to intervene well before the scheduling conference in this matter, and its motion includes a proposed answer, (Dkt. 18-2), that asserts defenses identical to those stated in Defendant Rich's Motion to Dismiss, (Dkt. 30), and to many in Defendant Otter's Answer (Dkt. 33). Thus, the State of Idaho satisfies the threshold requirements for permissive intervention.[2]

The Court finds that the *Spangler* factors weigh in favor of intervention. The State of Idaho has a strong interest in defending its laws against constitutional attack and its legal position plainly pertains to the merits of this case. Although Plaintiffs argue, and the Court agrees, that Defendants Otter and Rich share many of Idaho's interests and will adequately represent those interests, these factors are not dispositive in the permissive intervention context. This case presents weighty and controversial issues of constitutional dimension, necessitating that the Court be advised in the premises to the fullest extent

---

[2]  In some circumstances, a proposed intervenor must also satisfy an additional threshold requirement— "independent grounds for jurisdiction." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996). But, in federal question cases where the proposed intervenor does not raise additional claims, this "jurisdictional concern drops away." *Freedom from Religion Foundation v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Here, the State brings no counterclaims or cross-claims and thus need not demonstrate independent grounds for jurisdiction. *See id.*

**ORDER - 5**

possible. In this regard, the State of Idaho emphasizes that its interests cover all issues in this case whereas the named defendants' interests may be more limited.[3] Accordingly, the Court finds that including the State of Idaho in this action likely will contribute to full development of all the legal issues presented, thereby promoting a just and equitable resolution to the controversy.

Plaintiffs' fear that intervention by the State of Idaho will cause undue delay and prejudice the adjudication of their claims is understandable and well taken. But, the State of Idaho and the Defendants share an interest in expediently resolving this case, which indicates that undue delay or prejudice is far from certain. In fact, counsel for the State vowed in open court to join in Defendant Rich's Motion to Dismiss and otherwise avoid duplicative filings. Plaintiffs claim these assurances are "cold comfort," but the Court will take the State at its word unless and until its conduct lends credence to Plaintiffs' as yet speculative concerns. Therefore, the Court will grant permissive intervention.[4]

### 2. Plaintiffs' Request to Limit the State's Participation

As an alternative to outright denial of intervention, Plaintiffs request that the Court strictly limit the State of Idaho's participation. Specifically, Plaintiffs contend the State should be precluded from filing "motions, oppositions, or discovery requests, and from

---

[3] Although counsel for the State of Idaho did not specifically articulate how the State's inclusion in this litigation would add to, or be distinct from, the named defendants' participation, he did indicate that defenses may be available to the named defendants that are not available to the State.

[4] According to the Court's Case Management Order and consistent with the parties' litigation plans, this case will proceed on a legal track without formal discovery unless the Court orders otherwise. (Dkt. 37.) The Case Management Order governs these proceedings and will apply to the State of Idaho.

**ORDER - 6**

offering additional witnesses or evidence, without consent of the parties or leave of Court." (Dkt. 24 at 17.) In addition, Plaintiffs urge further limitations on the State's briefing or even that the State be confined to the role of amicus curiae. These requests ignore the "general rule [that] intervenors are permitted to litigate fully once admitted to a suit." *League of United Latin American Citizens v. Wilson*, 131F.3d 1297, 1304 (9th Cir. 1997) (citing Wright, et al., 7C *Federal Practice and Procedure: Civil 2d* § 1920 at 488-91 (1986)). So long as the State of Idaho abides by its pledge to self-regulate, the Court finds Plaintiffs' proposed limitations unwarranted. However, the Court may reexamine this conclusion at a later time if necessary.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the State of Idaho's Motion to Intervene (Dkt. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that the State of Idaho shall file its answer or other responsive pleading, including its planned joinder in Defendant Rich's Motion to Dismiss, on or before January 28, 2014.

Dated: **January 21, 2014**

Honorable Candy W. Dale
United States Magistrate Judge

**ORDER - 7**