UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN LATTA and TRACI EHLERS, LORI WATSEN and SHARENE WATSEN, SHELIA ROBERTSON and ANDREA ALTMAYER, AMBER BEIERLE and RACHAEL ROBERTSON,<br><br>        Plaintiffs,<br><br> v.<br><br>C.L. "BUTCH" OTTER, as Governor of the State of Idaho, in his official capacity, and CHRISTOPHER RICH, as Recorder of Ada County, Idaho, in his official capacity,<br><br>        Defendants,<br> and<br><br>STATE OF IDAHO,<br><br>        Defendant-Intervenor. | Case No. 1:13-cv-00482-CWD<br><br>**ORDER** |

       On May 12, 2014, Defendant Governor Otter filed a Contingent Motion to Stay Pending Appeal, prospectively requesting a stay of any relief granted to the Plaintiffs in this matter. (Dkt. 97.) On May 13, 2014, the Court issued a Memorandum Decision and Order, declaring Idaho's Marriage Laws unconstitutional under the Fourteenth Amendment to the United States Constitution and permanently enjoining the State of Idaho from enforcing its laws to the extent the laws would prohibit same-sex marriage in

**ORDER - 1**

Idaho or not recognize same-sex marriages celebrated outside Idaho. (Dkt. 98.) After the Court entered its Memorandum Decision and Order in this matter, the Governor filed an Emergency Request for an Immediate Hearing on His Motion to Stay Pending Appeal. (Dkt. 99.) The Governor argues that the Court should stay its May 13 Order pending the Governor's appeal to the United States Court of Appeals for the Ninth Circuit and, if necessary, to the United States Supreme Court.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the Governor's motion, the briefs on the merits, and the record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter will be decided on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1.

In evaluating the Governor's request, the Court considers four factors. "A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc'y of the U.S. v. Gutierrez*, 558 F.3d 896 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008)). A stay may be warranted by either "a *strong* likelihood of success on the merits [and] . . . a *possibility* of irreparable harm to the [applicant]" or a showing "that *serious* legal questions are raised and that the balance of hardships tips *sharply* in [the applicant's] favor." *Golden Gate Restaurant v. City and County of San Francisco*, 512

ORDER - 2

F.3d 1112, 1115-16 (9th Cir. 2008). Governor Otter's request for a stay satisfies neither test.

This case involves serious legal questions, but, as the Court's May 13 Order makes clear, Governor Otter is not likely to succeed on the merits. And, while the State of Idaho has suffered an irreparable injury due to the Court's injunction, *see Coalition for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997), the State's continued enforcement of its laws against same-sex marriage irreparably harms Plaintiffs and other same-sex couples. *See Williams v. Zbaraz*, 442 U.S. 1309, 1314 (1979) ("[I]f the judgment is stayed, the constitutional right . . . will for many be meaningless.") Given the ongoing potential for irreparable injury to both sides, the equities do not sharply favor the Governor. Nor does the public interest favor preserving a status quo that deprives individuals of their constitutional rights. The Court finds a stay pending appeal is not warranted.

**NOW THEREFORE IT IS HEREBY ORDERED** that Defendant Governor Otter's motion for stay pending appeal (Dkt. 97) and request for an emergency hearing (Dkt. 99) are **DENIED**.

Dated: **May 14, 2014**

Honorable Candy W. Dale
United States Magistrate Judge

ORDER - 3