UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN LATTA and TRACI EHLERS, LORI WATSEN and SHARENE WATSEN, SHELIA ROBERTSON and ANDREA ALTMAYER, AMBER BEIERLE and RACHAEL ROBERTSON,<br><br>Plaintiffs,<br><br>v.<br><br>C.L. "BUTCH" OTTER, as Governor of the State of Idaho, in his official capacity, and CHRISTOPHER RICH, as Recorder of Ada County, Idaho, in his official capacity,<br><br>Defendants,<br><br>And<br><br>STATE OF IDAHO,<br><br>Defendant-Intervenor. | Case No. 1:13-cv-00482-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Plaintiffs' Supplemental Motion for Reasonable Attorneys'

Fees and Expenses, requesting fees and costs incurred in the district court and for work

completed in the United States Court of Appeals for the Ninth Circuit from May 24,

**MEMORANDUM DECISION AND ORDER  - 1**

2014, through January 21, 2015. (Dkt. 147.) Plaintiffs request $297,475 in attorneys' fees and $6,730.85 in litigation expenses. Defendant Christopher Rich and Defendant-Intervenor State of Idaho, joined by Defendant Governor Otter (Dkt. 148, 149), oppose Plaintiffs' request in part, arguing for a reduced award of $218,613.75 in fees. Defendants do not oppose the request for $6,730.85 in litigation expenses.

For reasons explained below, the Court will order Defendants to pay to Plaintiffs an additional $216,460.00 in attorneys' fees and $6,730.85 in expenses for work completed after May 24, 2014.[1]

## BACKGROUND

The Court explained the background paving the way to an award of fees to Plaintiffs in this case in its December 19, 2014 memorandum decision and order, which awarded Plaintiffs $397,300.00 in attorneys' fees and $4,363.08 in non-taxable litigation expenses pursuant to the attorney fee shifting provisions in 42 U.S.C. § 1988. The fee award was based upon the following hourly rates of counsel, which the Court found reasonable:

| Attorney | Reasonable Rate | Hours Reasonably Expended | Lodestar |
|---|---|---|---|
| Ferguson | $400 | 611.2 | $244,480.00 |
| Minter | $400 | 106.6 | $42,640.00 |
| Durham | $325 | 135.8 | $44,135.00 |
| Stoll | $325 | 114.4 | $37,180.00 |
| Whelan | $275 | 55.9 | $15,372.50 |
| Huling Delaye | $175 | 77.1 | $13,492.50 |
| | | Total | $397,300.00 |

---

[1] Because the Court finds the facts and legal arguments are presented in the record and the decisional process would not be significantly aided by oral argument, *see* Dist. Idaho L. Civ. R. 7.1, the Court enters the following disposition.

**MEMORANDUM DECISION AND ORDER - 2**

Defendants appealed the Court's underlying order and resulting judgment entered in favor of Plaintiffs, and were unsuccessful before the Ninth Circuit, which issued its Opinion on October 7, 2014, affirming this Court, denied Defendant Otter's petition for rehearing en banc on January 9, 2015, and issued its Mandate on January 21, 2015. The Ninth Circuit next transferred the issue of attorneys' fees on appeal to this Court. Meanwhile, Defendants continued to challenge the appellate court's decision, petitioning the United States Supreme Court for a writ of certiorari on December 30, 2015, and January 6, 2015.[2]

On June 26, 2015, the United States Supreme Court issued its opinion in *Obergefell v. Hodges*, 135 S.Ct. 2584, __ U.S. __ (2015), finding that the Fourteenth Amendment to the United States Constitution requires a state to license a marriage between two people of the same sex, and to recognize a marriage lawfully licensed and performed out-of-state between two people of the same sex. The Supreme Court denied Defendants' petitions for a writ of certiorari on June 30, 2015. (Dkt. 153, 154).[3]

## ANALYSIS

**1.  Standard of Law**

A prevailing party that is entitled to an award of attorneys' fees in the district court is generally entitled to an award of attorneys' fees on appeal. *See, e.g., Stewart v. Gates*, 987 F.2d 1450, 1454 (9th Cir. 1993) (noting that appellate attorneys' fees may be awarded under 42 U.S.C. § 1988's fee-shifting provision to a party that successfully

---

[2] Coincidentally, the Supreme Court accepted the petition for a writ of certiorari from the cases pending in the Sixth Circuit on January 6, 2015.
[3] Plaintiffs have indicated they intend to seek additional attorneys' fees for time spent responding to Defendants' petitions for writ of certiorari. That time is not included in the pending motion.

**MEMORANDUM DECISION AND ORDER  - 3**

defends an award on appeal); *see also Planned Parenthood of Cent. & N. Ariz. v. Arizona*, 789 F.2d 1348, 1354 (9th Cir. 1986) (awarding attorneys' fees on appeal under § 1988 when the plaintiff won on the merits in the district court and on appeal). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The product of this computation—the 'lodestar figure'—is a 'presumptively reasonable' fee under 42 U.S.C. § 1988." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

The prevailing party has the burden of submitting evidence showing the claimed rates and hours expended on the litigation are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984), *accord Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397–98.

Here, the Court previously found the hourly rates noted in the chart above reasonable for this case, and Defendants do not challenge Plaintiffs' hourly rates. Rather, the fee dispute now centers upon the number of hours each attorney expended, and Plaintiffs' request for additional fees for time spent preparing their reply in support of their initial fee motion.

**MEMORANDUM DECISION AND ORDER - 4**

## 2. Fees for Time Spent on the Initial Fee Motion

In its December 19, 2014 Order, the Court found that "Plaintiffs' counsel spent too much time preparing Plaintiffs' [initial] motion for attorney fees." (Dkt. 139 at 19.) Consequently, the Court reduced Plaintiffs' award for time preparing the fee petition to 40 hours, which the Court explained was considered a reasonable amount of time necessary to prepare the motion for attorney fees. The Court explicitly stated it would "not entertain another request for fees incurred in litigating this fee motion," unambiguously referring to Plaintiffs' initial motion in its entirety. The Court's order left no room for Plaintiffs to request fees spent preparing their reply brief submitted in support of their initial motion. Therefore, the fees requested by Plaintiffs for preparing the reply brief (Dkt. 122) in support of their initial request for fees will be denied.

The following table summarizes the Court's reductions to Plaintiffs' requested hours spent on the reply brief filed in support of the initial fee motion, and the total amount that will be allowed for the time spent preparing the supplemental attorney fee motion.

**MEMORANDUM DECISION AND ORDER - 5**

| Time Keeper | Hours Claimed (Dkt. 147-2) | Reduction for Initial Fee Motion | Hours reasonably expended | Amount Awarded |
|---|---|---|---|---|
| Ferguson[4] | 16.3 | (11.1) | 5.2 | $2,080.00 |
| Stoll | 4.3 | (0.0) | 4.3 | $1,397.50 |
| Whelan | 17 | (9.8) | 7.2 | $1,980.00 |
| Aruck | 5.9 | (5.9) | 0 | $0.00 |
| Durham | 23.1 | (15.1) | 8 | $2,600.00 |
| **Totals** | **66.6** | **(41.9)** | **24.7** | **$8,057.50** |

### 3.   Fees for Ninth Circuit Appeal

Defendants primarily contest the amount of time spent by Plaintiffs' counsel preparing for oral argument before the Ninth Circuit, noting that, out of the total amount of fees claimed (769.3 hours), "plaintiffs seek to be paid for 334.6 hours ($130,562.50) for oral argument" alone. Defendants contend that 334.6 hours is excessive, given the Court already compensated Plaintiffs' counsel for more than 137 hours preparing for the summary judgment oral argument that occurred May 5, 2014, which Defendants assert addressed identical issues to those argued before the Ninth Circuit. Defendants propose a reasonable fee would result in reduction of the oral argument preparation time by 50%, and reducing the fee award to $65,281.25 for that portion of the work.

Defendants did not provide the Court with a spreadsheet or other evidence as to how they arrived at their calculation other than noting the general dates during which

---

[4] Defendants indicated Ferguson sought 13.1 hours for the reply brief filed in support of the initial fee motion. It appears there may be some mathematical errors in Ferguson's chart. The Court arrived at its calculation by taking the total of 16.3 hours charged, adding up the number of hours charged after July 28, 2014, and arriving at the reduced number by subtracting the hours expended from the hours claimed. Otherwise, the Court agrees with Defendants' calculations.

**MEMORANDUM DECISION AND ORDER - 6**

counsel recorded time spent preparing for oral argument. Response at 4 n.7-11 (Dkt. 148).[5] According to Defendants' calculations, the time entries reflect Ms. Ferguson seeks 223.6 hours ($89,440) from July 11, 2014, to September 8, 2014, for oral argument preparation, and an additional 30.6 hours ($12,240) for reviewing amicus briefs before her argument to help her prepare; Mr. Durham requests 34.2 hours ($11,115); Mr. Minter seeks 36.7 hours ($14,680); and Mr. Stoll seeks 9.5 hours ($3,087.50). The hours amount to 334.6 hours ($130,562.50) for oral argument preparation. It appears Defendants simply divided $130,562.50 by two to arrive at their reduced figure of $65,281.25.

Plaintiffs assert that the lack of any mathematical evidence as to how Defendants arrived at their reduced figure of $65,281.25 is fatal to Defendants' objection, and that a 50% reduction is arbitrary because Defendants make no effort to explain why certain tasks were unnecessary or the time expended excessive. Further, Plaintiffs note that counsel exercised billing judgment, resulting in a 10% reduction to certain timekeepers' fee requests.

However, this Court has, in prior decisions, exercised its discretion upon finding time spent by counsel on certain tasks was excessive. For example, after examining 200 hours plaintiff's counsel spent preparing for a thirty-minute oral argument, the Court reduced fees related to oral argument preparation time by 40%. *Hash v. United States*,

---

[5] Defendants directed the Court to the following time entries, which the Court reviewed closely: Dkt. 147-2, Exhibit A (date entries July 11, 12, 13, 14, 15, 16, 17, 21, 25, 27, 28, 29, and 31; August 1, 2, 3, 4, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 26, 27, 28, 29, 30, and 31; and September 1, 2, 3, 4, 5, 6, 7, and 8); Dkt. 147-2, Exhibit A (date entries June 23, 24, and 30; July 1, 2, 3, 7, 22, 25, 29, 30, and 31; and August 23, 28, 29, and 31); Dkt. 147-4, Exhibit A (date entries August 6, 19, 20, 21, and 27; and September 1, 3, 4, 5, 6, 7, and 8); Dkt. 147-3, Exhibit A (Minter date entries August 9, 20, 21, and 27; and September 2, 3, 7, 8, and 9); and Dkt. 147-3, Exhibit A (Stoll date entries August 21 and 27; and September 1 and 8).

**MEMORANDUM DECISION AND ORDER - 7**

No. 1:99-cv-324-MHW 2012 WL 1252624, at *15 (D. Idaho Apr. 13, 2012) (citing *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

The Court has reviewed the time entries for the dates Defendants identified as those containing time spent by Plaintiffs' counsel on oral argument preparation or review of amicus briefs. The Court independently arrived at slightly different figures than Defendants did when examining the dates Defendants identified as objectionable. Because Defendants failed to provide the Court with the basis other than the dates for their calculations, where the Court's calculations were higher than Defendants' calculations, the Court accepted Defendants' calculations. Where the Court's calculations were lower, the Court accepted its own calculations. [6]

The Court disagrees with Defendants' simple reduction by 50% of the total, because each timekeeper charged a different rate, and the 50% reduction does not examine how each timekeeper spent his or her time. But the Court agrees that the overall time spent preparing for the thirty minute oral argument was excessive.

In particular, Ms. Ferguson's time of 254.2 hours was excessive given her trial and appellate experience, and her extensive familiarity with the record and issues presented on appeal by virtue of her involvement with this case from its inception. A simple

---

[6] For the dates identified, the Court determined Ms. Ferguson spent a total of 277.1 hours rather than the 254.2 hours identified by Defendants. On the dates identified for Mr. Durham, the Court arrived at a total of 38.9 hours instead of 34.2 hours. On the dates identified for Mr. Minter, the Court arrived at a total of 35.0 hours instead of 36.7 hours. The Court's tally for Mr. Stoll was the same as Defendants' at 9.5 hours.

**MEMORANDUM DECISION AND ORDER - 8**

Westlaw search reveals Ms. Ferguson was counsel in 107 cases argued in district courts within the Ninth Circuit, of which six other than *Latta* were argued before the Ninth Circuit Court of Appeals.[7] In other words, Ms. Ferguson is no stranger to oral argument, either before the district court or the Ninth Circuit.

While this case involved a landmark decision rendered against a backdrop of swiftly moving cases in other district and circuit courts across the country, the Court finds Ms. Ferguson's experience rendered her capable of preparing for oral argument before the Ninth Circuit in less time than the 254.2 hours she recorded for that preparation. For instance, an inordinate amount of time was recorded simply as: "preparing for oral argument." Ms. Ferguson spent time listening to other oral argument transcripts; revised her preparation schedule into daily and weekly segments (for 2.3 hours); reviewed copious amounts of amicus briefing; spent 21.3 hours preparing responses to potential panel questions; rehearsed her argument; spent time prior to the actual oral argument traveling to San Francisco and touring the Ninth Circuit's courthouse (where she had been at least six previous times); participated in a 5 hour moot court session with co-counsel in San Francisco; prepared for oral argument after her moot court preparation by drafting argument blocks and segments; participated in a second and, what appears to be third, moot court session with co-counsel; continued to spend

---

[7] *See North Idaho Community Action Network v. U.S. Dept. of Transp.*, 545 F.3d 1147 (9th Cir. 2008); *Lands Council v. McNair*, 512 F.3d 1204 (9th Cir. 2008); *S.E.C. v. Gillespie*, 349 Fed. Appx. 129, 2009 WL 3183016, (9th Cir. 2009); *Western Watersheds Project v. Hall*, 338 Fed.Appx. 606, 2009 WL 2018087 (9th Cir. 2009); *Spoolstra v. U.S.*, 298 Fed.Appx. 577, 2008 WL 4726434 (9th Cir. 2008); *Western Watersheds Project v. Sawtooth Nat'l Forest*, 97 Fed.Appx. 793, 2004 WL 1161581 (9th Cir. 2004).

**MEMORANDUM DECISION AND ORDER  - 9**

hours refining her argument; and then traveled to and from San Francisco again for the actual oral argument.

Although the time records reflect an impressive and well-organized preparation regimen, the Court finds the preparation time overall to be excessive given Ms. Ferguson's experience, and that the number of moot court sessions in particular were not integral to Plaintiffs' success on appeal. While the Court appreciates counsel taking the time to polish her arguments and does not question that the amount of time recorded (or even more) was spent by counsel, the Court must remain mindful of the "reasonableness" component when shifting fees to the non-prevailing party. After closely reviewing the time records, the Court finds a 50% reduction in Ms. Ferguson's time spent on oral argument preparation to be appropriate, which results in a reduction of 127.1 hours (127.1 = 254.2÷2). Turning to Ms. Ferguson's time sheets, she will be awarded total fees for her "merits time" based upon a total of 264.9 hours rather than the 392 claimed.

Turning to Mr. Minter's time, the Court finds he at certain times did not exercise billing judgment. He billed the same .8 hours that Ms. Ferguson billed on August 9, 2014, for a phone conference; and charged for non-productive travel time both to and from San Francisco for the oral argument. The Court also finds the moot court travel time and participation in moot court in person in San Francisco unnecessary. Of the disputed 35 hours, the Court will reduce Mr. Minter's time by 17.5 hours. Based upon Mr. Minter's time sheets, he will be awarded total fees for his merits time based upon 79.3 hours rather than the 96.8 claimed.

**MEMORANDUM DECISION AND ORDER  - 10**

Mr. Stoll was the least active participant in oral argument preparation. However, because the Court finds the request for the amount of time spent as moot court preparation time (and the number of attorneys who assisted) unreasonable, the Court will reduce Mr. Stoll's hours on 8/21/14 and 9/1/2014 by one-half. His hours will therefore be reduced by 2.9 hours, and his merits time will be awarded based upon 132.2 hours rather than the 135.1 hours claimed.

Lastly, based upon the analysis above, the Court finds 17.7 hours of Mr. Durham's time excessive. He billed time for conferences with Ms. Ferguson, and while the Court does not wish to discourage discussions between co-counsel, both attorneys do not need to bill for all time spent in these conferences. The amount of time requested for moot court participation and preparation was also excessive. Accordingly, Mr. Durham's 82.7 hours of merits time claimed by Mr. Durham will be reduced to 65 hours.

The chart below summarizes the reductions explained above.

| Time Keeper | Merits Hours Claimed | Reduction | Hours reasonably expended | Amount Awarded |
|---|---|---|---|---|
| Ferguson | 392 | (127.1) | 264.9 | $105,960 |
| Minter | 96.8 | (17.5) | 79.3 | $31,720 |
| Stoll | 135.1 | (2.9) | 132.2 | $42,965 |
| Durham | 82.7 | (17.7) | 65 | $21,125 |
| **Totals** | **706.6** | **(165.2)** | **541.4** | **$201,770** |

**MEMORANDUM DECISION AND ORDER  - 11**

There are two additional time keepers the Court now reviews. Aaron Aruck, a paralegal, assisted with the oral argument preparation, as did a law student.[8] Both Aruck and the law student were billed at $125 per hour. Defendants did not specifically object to either Aruck's or the law student's hourly rate, or the hours spent on merits time. It appears the law student performed legal research at a level commensurate with a paralegal. Therefore, the Court does not reduce the merits time for either Aruck or the law student.

The following chart summarizes the Court's reductions in both the merits time and fee petition preparation time:

| Time Keeper | Hours Claimed | Reduction | Hours reasonably expended | Amount Awarded |
|---|---|---|---|---|
| Ferguson | 408.3 | (138.2) | 270.1 | $108,040 |
| Minter | 96.8 | (17.5) | 79.3 | $31,720 |
| Stoll | 139.4 | (2.9) | 136.5 | $44,363 |
| Durham | 105.8 | (32.8) | 73 | $23,725 |
| Whelan | 28.4 | (9.8) | 18.6 | $5,115 |
| Delaye | 15.7 | 0 | 15.7 | $2,748 |
| Aruck | 11.9 | (5.9) | 6 | $750 |
| Student | 29.6 | 0 | 29.6 | $3,700 |
| **Totals** | **835.9** | **(207.1)** | **628.8** | **$220,160** |

---

[8] The Court was given no information about the law student.

**MEMORANDUM DECISION AND ORDER - 12**

## CONCLUSION

Based upon the above analysis, the Court will award attorneys' fees in the amount of $220,160.00, and litigation expenses in the amount of $6,730.85. The applicable post-judgment interest rate is .33 percent per annum.[9]

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiffs' Motion for Supplemental Attorneys' Fees and Expenses from May 24, 2014 (Dkt. 147) is **GRANTED IN PART AND DENIED IN PART.**

2) Plaintiffs are awarded $220,160.00 in supplemental attorneys' fees and $6,730.85 in non-taxable litigation expenses pursuant to 42 U.S.C. § 1988.

3) The foregoing amounts shall be paid with interest at the rate of .33 percent per annum from the date of this Order.

Dated: **August 03, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

---

[9] Bd. of Govs. of the Fed. Res. Sys., July 31, 2015 Selected Interest Rates (Weekly) – H.15, *available at* http://www.federalreserve.gov/releases/h15/.